# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FORT MYERS DIVISION

**LEAFWELL, INC.,** a Delaware corporation with a principal place of business in Florida

    **Plaintiff,**

v.

**THE DOC APP, INC.,** a Florida corporation,

    **Defendants.**

_____/

Case No. 2:25-cv-01132 JES-DNF (M.D. Fla.)

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH REQUEST FOR JUDICIAL NOTICE

**COMES NOW,** Defendant The Doc App, Inc. d/b/a My Florida Green ("TDA"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff Leafwell, Inc.'s ("Leafwell") Amended Complaint in its entirety. Even accepting the well-pleaded factual allegations as true, the Amended Complaint fails to state any claim upon which relief can be granted. Because the defects are legal and incurable, dismissal with prejudice is warranted.

### I. INTRODUCTION

This case is an attempt to weaponize tort law against ordinary litigation.

Leafwell seeks to convert a prior civil lawsuit—voluntarily dismissed without prejudice—into claims for abuse of process, malicious prosecution, and sweeping declaratory and injunctive relief. To do so, Leafwell relies not on facts satisfying the elements of those torts, but on inflammatory rhetoric, character attacks, and a wholesale misstatement of controlling law.

Florida law does not permit such claims. Abuse of process requires post-issuance misuse of judicial process. Malicious prosecution requires a favorable termination on the merits. Litigation privilege bars tort claims based on pleadings, pre-suit communications, and litigation strategy. Declaratory and injunctive relief are remedies, not causes of action.

Because Leafwell cannot plead around these requirements, the Amended Complaint must be dismissed with prejudice.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts need not accept legal conclusions, labels, or conclusory allegations masquerading as facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Where a claim fails because a required legal element is absent, dismissal with prejudice is appropriate. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

III. **ARGUMENT**

　　a. **The Abuse of Process Claim Fails as a Matter of Law**

Under Florida law, abuse of process requires: (1) an improper or illegal use of process; (2) an ulterior motive; and (3) damages resulting from the improper use. *S & I Invs. v. Payless Flea Mkt., Inc.*, 36 So. 3d 909, 917 (Fla. 4th DCA 2010).

Critically, abuse of process requires **misuse of judicial process after it has issued**. The filing of a lawsuit—even if allegedly motivated by bad faith or improper intent—is insufficient as a matter of law. *Id.* Pre-suit communications, litigation strategy, and the prosecution of claims do not constitute abuse of process absent post-issuance coercion or a perversion of the judicial process. *Steinmetz v. Pickholtz*, 414 So. 3d 309, 318 (Fla. 3d DCA 2025).

Here, Leafwell alleges no post-issuance misuse of process. Its allegations concern only the initiation of litigation, the content of pleadings,

pre-suit correspondence, and strategic litigation conduct. Such allegations fail to satisfy the essential post-issuance misuse element and are legally insufficient as a matter of law.

Accordingly, Count I must be dismissed.

### b. The Malicious Prosecution Claim Is Barred as a Matter of Law

A claim for malicious prosecution requires a bona fide termination of the prior proceeding in the plaintiff's favor. *Inlet Beach Cap. Invs., LLC v. Enclave at Inlet Beach Owners Ass'n*, 370 So. 3d 1031, 1036 (Fla. 1st DCA 2023).

A voluntary dismissal without prejudice does not constitute a favorable termination because it does not reflect on the merits of the underlying action and permits refiling. *Id.* at 1037; *Jones v. State Farm Mut. Auto. Ins. Co.*, 578 So. 2d 783, 784–85 (Fla. 1st DCA 1991).

Here, the prior action was voluntarily dismissed without prejudice. That procedural disposition is legally insufficient to satisfy the favorable-termination element as a matter of law. Allegations regarding motive, intent, or perceived impropriety cannot cure this defect.

Absent a favorable termination, Count II fails and must be dismissed.

### c. Litigation Privilege Independently Bars Leafwell's Claims

Florida's litigation privilege provides **absolute immunity** for acts occurring during the course of judicial proceedings, including conduct necessarily preliminary to litigation. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007).

The privilege extends to pre-suit demand letters, pleadings, and litigation strategy so long as the conduct bears some relation to contemplated or ongoing judicial proceedings. *KAC 2021-1, LLC v. Am. Homes 4 Rent Props. One, LLC*, 398 So. 3d 1033, 1037 (Fla. 2d DCA 2024).

Here, Leafwell's claims are premised entirely on protected litigation conduct, including pre-suit communications, the filing of pleadings, and the prosecution of claims. Such conduct falls squarely within the scope of Florida's litigation privilege and is immune from tort liability as a matter of law. Federal courts do not issue injunctions to police litigation conduct or to preempt speculative future lawsuits.

Allowing these claims to proceed would nullify the privilege and chill access to the courts. Accordingly, Leafwell's claims are barred and must be dismissed.

### d. Declaratory and Injunctive Relief Are Not Independent Causes of Action

Leafwell seeks sweeping declaratory and injunctive relief aimed at labeling TDA's prior litigation as "misconduct" and restricting future lawsuits. Such relief is improper.

Declaratory and injunctive relief are **remedies**, not standalone causes of action. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). Where a plaintiff fails to state a viable underlying claim, requests for declaratory or injunctive relief necessarily fail as a matter of law. *Id.*

Federal courts do not issue declarations or injunctions to police litigation conduct or to preempt speculative future disputes. *Id.*

Because Leafwell has failed to state any substantive claim, Counts III and IV fail as a matter of law and must be dismissed.

### e. Regulatory Context Confirms the Prior Action Was Not Baseless

### (w. Request for Judicial Notice)

Leafwell's claims depend on the premise that TDA's prior lawsuit was frivolous, extortionate, or brought for an improper purpose. That premise is contradicted by the regulatory framework governing medical marijuana marketing and patient referrals in Florida at the time the prior action was filed.

First, Florida law has long prohibited patient brokering and improper inducements in the provision of medical services. See **§ 817.505, Fla. Stat.** (Florida Patient Brokering Act). The statute broadly restricts remuneration or inducements for patient referrals and reflects a clear legislative policy against commercial practices that compromise patient trust and clinical independence.

Second, prior to the adoption of the 2025 emergency rule, the Office of Medical Marijuana Use ("OMMU") had already promulgated regulations governing MMTC advertising and marketing practices, including restrictions on misleading advertising, patient inducements, and referral-based promotions. See **Fla. Admin. Code R. 64-4.016** (and related OMMU

advertising provisions in effect prior to 2025). These regulations predate the emergency rule and establish that MMTC marketing practices were already subject to regulatory scrutiny at the time of TDA's prior lawsuit.

Third, in 2025, the Florida Department of Health adopted **Emergency Rule 64ER25-6**, further clarifying and tightening restrictions on MMTC advertising, promotions, and inducements. The emergency rule reflects an escalation—not a creation—of regulatory concern regarding these practices.

Taken together, these authorities confirm that, at the time TDA filed its prior action, Florida law and OMMU regulations already regulated the precise conduct at issue. The emergency rule merely underscores that the regulatory environment was evolving in response to ongoing compliance concerns.

Where a prior action is grounded in an objectively reasonable interpretation of existing and developing regulatory law, tort claims predicated on the filing of that action fail as a matter of law. *See Inlet Beach Cap. Invs., LLC v. Enclave at Inlet Beach Owners Ass'n*, 370 So. 3d 1031, 1037 (Fla. 1st DCA 2023).

Accordingly, pursuant to **Federal Rule of Evidence 201**, Defendant respectfully requests that the Court take judicial notice of the following public records, none of which are subject to reasonable dispute:

1. **Section 817.505, Florida Statutes** (Florida Patient Brokering Act);
2. **Florida Administrative Code Rule 64-4.016** and related OMMU advertising regulations in effect prior to 2025; and
3. **Florida Department of Health Emergency Rule 64ER25-6**.

Judicial notice is requested solely to establish the regulatory context existing at the time of Defendant's prior lawsuit, not for the truth of any disputed factual assertions.

**F. Amendment Would Be Futile**

Leafwell has already amended once. The defects identified above are not matters of pleading detail; they are structural legal barriers. No amendment can convert a voluntary dismissal into a favorable termination or transform protected litigation conduct into tort liability.

Dismissal with prejudice is therefore warranted. *Corsello*, 428 F.3d at 1014.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant The Doc App, Inc. d/b/a My Florida Green respectfully requests that the Court:

1. Dismiss Plaintiff Leafwell, Inc.'s Amended Complaint in its entirety **with prejudice**;

2. Deny all requests for declaratory and injunctive relief as moot and unsupported by any viable cause of action;

3. **Reserve jurisdiction** to award Defendant its reasonable attorneys' fees and costs to the extent permitted by law;

4. Grant such **other and further relief** as the Court deems just and proper; and,

5. That the Court take judicial notice of the following public records as follows: **Section 817.505, Florida Statutes** (Florida Patient Brokering Act); **Florida Administrative Code Rule 64-4.016** and related OMMU advertising regulations in effect prior to 2025; and **Florida Department of Health Emergency Rule 64ER25-6**.

Respectfully submitted this **February 9, 2026.**

> */s/ Jason K. Castro*
> Jason K. Castro, Esq. (FBN 118604)
> **Law Office of Jason K. Castro, PLLC**
> 625 Quincy Lane, Wexford, PA 15090
> Tel: (718) 702-5540
> Email: jason@goldengatelegalcenter.com
> Service: CastroLaw.Service@gmail.com
> Counsel for Defendant
> Doc App, Inc. d/b/a My Florida Green

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2026, I electronically filed the foregoing **motion to dismiss** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic service in this case.

> */s/ Jason K. Castro*
> Jason K. Castro, Esq. (FBN 118604)