UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FORT MYERS DIVISION

**LEAFWELL, INC.**, a Delaware corporation with a principal place of business in Florida

Case No. 2:25-cv-01132 JES-DNF (M.D. Fla.)

   **Plaintiff,**

v.

**THE DOC APP, INC.**, a Florida corporation,

   **Defendants.**

_____/

### DEFENDANT THE DOC APP, INC.'S MOTION TO STRIKE IMMATERIAL AND SCANDALOUS MATTER FROM PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant The Doc App, Inc. d/b/a My Florida Green ("TDA"), pursuant to Federal Rule of Civil Procedure 12(f), moves to strike immaterial, impertinent, and scandalous matter from Plaintiff Leafwell, Inc.'s Amended Complaint. In support, TDA states as follows:

## I. INTRODUCTION

Leafwell's Amended Complaint is not a proper pleading. Instead of alleging facts necessary to support cognizable causes of action, it devotes substantial space to inflammatory rhetoric, personal attacks, and collateral narratives untethered to any element of liability.

The pleading repeatedly labels TDA's prior lawsuit as "extortion," "fraud," and bad-faith litigation; parades an unrelated sanctions order involving counsel; and injects personal financial and bankruptcy information wholly irrelevant to the claims asserted. These allegations serve no legitimate pleading function. Their evident purpose is to prejudice TDA, malign its counsel, and chill access to the courts.

Rule 12(f) exists to prevent precisely this misuse of pleadings.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading any matter that is "redundant, immaterial, impertinent, or scandalous." Although motions to strike are generally disfavored, they are appropriate where allegations have **no possible relation to the controversy and pose a risk of unfair prejudice**. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

Material is "scandalous" when it gratuitously casts a derogatory light on a party or its counsel without relevance to the claims or defenses at issue. *Id.*

## III. ARGUMENT

### A. References to an Unrelated Sanctions Order Are Immaterial and Prejudicial

The Amended Complaint repeatedly references a sanctions order entered against TDA's counsel in an unrelated proceeding. (Am. Compl. ¶¶ 95–106; Exs. E–F). These allegations do not concern the parties, claims, or conduct at issue in this case.

Allegations concerning attorney conduct in separate litigation are irrelevant to whether Leafwell has stated a claim here. Courts in this District routinely strike allegations referencing unrelated proceedings or counsel conduct where such material serves no legitimate pleading purpose and risks unfair prejudice. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 8:14-cv-1648-T-24EAJ, 2015 WL 12835689, at *2 (M.D. Fla. Apr. 21, 2015).

These allegations invite adjudication of collateral matters, improperly taint the merits, and should be stricken.

### B. Personal Financial and Bankruptcy Allegations Are Scandalous

The Amended Complaint includes allegations concerning personal bankruptcy filings and financial circumstances of individuals affiliated with TDA. (Am. Compl. ¶ 111; Ex. G). These allegations are unrelated to any element of Leafwell's claims and have no conceivable relevance to liability or damages.

Pleading personal financial history solely to embarrass, stigmatize, or discredit a party or counsel is the paradigm of scandalous material under Rule 12(f). *Augustus*, 306 F.2d at 868. Such allegations do not advance any claim; they merely poison the well.

They should be stricken.

### C. Unsupported Accusations of Extortion, Fraud, and Bad-Faith Litigation Are Scandalous

Leafwell accuses TDA of engaging in an "extortion scheme," misleading courts, and prosecuting litigation in bad faith. (Am. Compl. ¶¶ 120–125). These accusations are untethered to any pleaded facts establishing coercive demands, misuse of judicial process, or criminal conduct.

Conclusory allegations of criminal or unethical behavior, unsupported by factual allegations, are improper pleading and are routinely stricken as scandalous. *Aatrix*, 2015 WL 12835689, at *2.

These accusations are especially prejudicial because they ignore the regulatory context in which TDA's prior action was filed. At the relevant time, Florida law and OMMU regulations governed MMTC advertising and marketing practices, and in 2025 the Florida Department of Health adopted Emergency Rule 64ER25-6, reflecting heightened scrutiny of inducements and promotional conduct.

Against that backdrop, branding a regulatory-based lawsuit as "extortion" or "fraud" is inflammatory rhetoric—not factual pleading—and has no place in a complaint.

### D. Wholesale Incorporation of Prior Pleadings and Exhibits Is Improper

Leafwell appends and incorporates by reference entire pleadings and filings from prior litigation without identifying which portions are relevant or how they support any element of its claims. (Am. Compl. ¶¶ 70–75; Exs. B–F).

5

This practice violates Rule 8's requirement of a short and plain statement and improperly burdens both the Court and the opposing party. The Eleventh Circuit has expressly condemned this form of shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

The Court should not be required to sift through unrelated filings to guess which allegations Leafwell intends to rely upon.

## IV. REQUESTED RELIEF

Defendant The Doc App, Inc. respectfully requests that the Court:

1. **Strike paragraphs 95–106, 111, and 120–125, and Exhibits B–F** of the Amended Complaint pursuant to Rule 12(f); and
2. Grant such other and further relief as the Court deems just and proper.

Respectfully,

*/s/ Jason K. Castro*
Jason K. Castro, Esq. (FBN 118604)
**Law Office of Jason K. Castro, PLLC**
625 Quincy Lane, Wexford, PA 15090
Tel: (718) 702-5540
Email: jason@goldengatelegalcenter.com
Service: CastroLaw.Service@gmail.com

>Counsel for Defendant
>Doc App, Inc. d/b/a My Florida Green

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February \_\_\_\_\_, 2026, I electronically filed the foregoing **motion to strike** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic service in this case.

>*/s/ Jason K. Castro*
>Jason K. Castro, Esq. (FBN 118604)

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he conferred in good faith with counsel for Plaintiff regarding the relief sought in this Motion. The parties were unable to resolve the issues raised herein, and Plaintiff opposes the relief requested.