```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

LEAFWELL, INC., a Delaware
Corporation,

       Plaintiff,

v.                               Case No:  2:25-cv-01132-JES-DNF

THE DOC APP, INC. d/b/a MY
FLORIDA GREEN, a Florida
Corporation,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff Leafwell, Inc.'s Time-Sensitive Motion to Consolidate Related Actions (Doc. #20) filed on January 7, 2026. Defendant The Doc App, Inc. ("My Florida Green") filed its Response in Opposition (Doc. #21) on January 26, 2026.

A district court may consolidate actions before the court when the actions share "a common question of law or fact." See Fed. R. Civ. P. 42(a). The decision to consolidate is "purely discretionary," however a court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

See Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1313 (11th Cir. 2017)(quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).  Where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants, a joint trial is appropriate. See Allstate Ins. Co. v. Vizcay, 826 F.3d 1326, 1333 (11th Cir. 2016).  However, where the prejudice to rights of the parties obviously results from the order, consolidation may not be proper. See Dupont v. S. Pac. Co., 366 F.2d 193, 196 (5th Cir. 1966).[1]

In this instant case, the "Second Federal Action," Leafwell alleges that My Florida Green—through its CEO, Nicholas Garulay ("Garulay"), and In-House Corporate Counsel, Jason Castro ("Castro"), engaged in a multi-faceted scheme to impair Leafwell's business in Florida.  (Doc. #22, p. 2.)  At the start of its scheme, My Florida Green utilized artificial intelligence ("AI") in drafting a verified complaint that contained hallucinations.  My Florida Green then utilized the verified complaint in various press releases and meetings with Leafwell's third-party collaborators and potential customers.  Leafwell specifically brings the following counts: (1) Declaratory Relief that MFG is Vicariously Liable for Jason Castro's Court Filing with AI

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Hallucinations; (2) Anti-Suit Injunction Preventing Prosecution of the Third Federal Action; (3) Abuse of Process; (4) Negligent Supervision of Jason Castro by My Florida Green; (5) Tortious Interference with Contractual Relationships; and (6) Tortious Interference with Business or Economic Relationships. Ultimately, Leafwell relies upon allegations of Castro's use of AI and Nicholas Garulay's consistent misuse of the complaint containing the hallucinations.

In the case Leafwell seeks to consolidate, the "Third Federal Action," My Florida Green alleges that Leafwell's conduct of offering "free certification" for medicinal marijuana cards violates Florida public policy and statutory safeguards and that other defendants have engaged in a civil conspiracy with Leafwell. These actions, My Florida Green alleges, have caused harm by steering and diverting patients from compliant certification providers, distorting competition, and harming My Florida Green's goodwill. My Florida Green brings the following counts: (1) Declaratory/Injunctive Relief Based on Unlawful Physician Relationship; (2) Declaratory/Injunctive Relief Based on Unlawful Brokerage Relationship; (3) Florida Deceptive and Unfair Trade Practices Act; (4) Civil Conspiracy; (5) Tortious Interference with Business Relationship; and (6) Unjust Enrichment.

Leafwell seeks to consolidate the cases because the cases are "grounded in the same nexus of facts, transactions and occurrences,

players, events, and frivolous legal theories." (Doc. #20, p. 2.) To that point, Leafwell contends that both cases involve the same key players—Leafwell and My Florida Green—and both cases revolve around the same underlying alleged business practices. (Id. at p. 11.) My Florida Green argues that this motion should be denied because: (1) it is premature given the pending motion to remand in the Third Federal Action; (2) the underlying claims are distinct in each case; and (3) there are additional defendants in the Third Federal Action.

Upon reviewing the issues and facts in both cases as well as the potential prejudice to rights of the parties, this Court concludes there is no basis to consolidate these actions. While My Florida Green and Leafwell are parties in both actions, the Third Federal Action includes numerous other parties not involved in this instant action. Further, the primary issue underlying this instant case is the misuse of AI in My Florida Green's First Federal Action and their subsequent misuse of the complaint in press releases, whereas the primary issue underlying the Third Federal Action is the alleged conspiracy Leafwell engaged in regarding their free certification events. Accordingly, there is likely not a substantial overlap in facts or witnesses to warrant consolidation of the cases.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff Leafwell, Inc.'s Time-Sensitive Motion to Consolidate Related Actions (Doc. #20) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record