UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEAFWELL, INC., a Delaware
corporation,

       Plaintiff,

v.                                    Case No:  2:25-cv-01132-JES-KRH

THE DOC APP, INC. d/b/a MY
FLORIDA GREEN, a Florida
corporation,

       Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on review of Plaintiff Leafwell, Inc.'s ("Leafwell") Motion for Sanctions Specifically Directed at Defendant MFG (as a Party) (Doc. #40) filed on March 17, 2026. After being directed to file a response, Defendant, The Doc App, Inc. ("My Florida Green"), filed its Response in Opposition (Doc. #43) on April 20, 2026. For the reasons set forth below, Plaintiff's motion is denied.

A court may impose sanctions for litigation misconduct under its inherent powers. See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009)(citations omitted). Such powers are vested in the courts to manage their affairs so they may achieve the "orderly and expeditious

disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)(citation omitted).

At issue are three motions filed by Jason Castro ("Castro"): (1) Motion to Dismiss for Failure to State a Claim (Doc. #26); (2) Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. #27); and (3) Motion to Strike (Doc. #30). Across these motions, the Court finds Castro: (1) overstated the breadth of four cases; (2) discussed a non-existent count; (3) completely misrepresented five cited authorities; and, most troubling of all, (4) failed to take responsibility for clearly failing to review his motions.

Leafwell requests the Court dismiss with prejudice My Florida Green's related claims against Leafwell and/or grant a default judgment against My Florida Green in this case. (Doc. #40, p. 26.) The Court, however, finds these proposed sanctions excessive. Castro already has ongoing obligations from the previous sanctions order issued by District Court Judge Sherri Polster Chappell, under which Castro is obligated to pay attorney's fees, must attach a copy of Judge Chappell's order to any case he files or removes to the Middle District of Florida, and was referred to the Florida Bar for appropriate discipline. See The Doc App, Inc. v. Leafwell, Inc., No. 2:25-cv-838-SPC-NPM, 2025 WL 3288251 (M.D. Fla. Nov. 26, 2025). Further, Castro has shown nominal improvement, insofar as he cites authority which actually exists, even if the quality of

his work is still not up to the standards required of a practicing attorney.[1]  Due to this nominal improvement and the need to resolve the dispute on the merits, the Court opts to impose no additional sanctions at this time.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Sanctions Specifically Directed at Defendant MFG (As A Party) (Doc. #40) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[1] In the filing before Judge Chappell there were numerous "fabricated citations, citations that d[id] not contain quoted language, and citations that d[id] not relate to the purported proposition." Id. at *3.  Though similar issues persist in the instant case, a key distinction here is all cited authority exists without the need to find additional cases.  The remaining issue is not Castro's use of artificial intelligence ("AI") but his indolence in failing to review AI's output.