UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEAFWELL, INC., a Delaware
corporation,

       Plaintiff,

v.                                    Case No:  2:25-cv-01132-JES-KRH

THE DOC APP, INC., d/b/a MY
FLORIDA GREEN, a Florida
corporation,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff's Motion to Reconsider Its Denial of Plaintiff's Motion for Sanctions, in Part (Doc. #55) filed on June 15, 2026.  The motion is denied.

"Before filing a motion in a civil action, except a motion for Rule 11 sanction, for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion."  M.D. Fla. R. 3.01(g).  The motion will be denied for failure to confer with Defendant before filing the

motion and for failure to include a certification of conference in the motion.[1]

Alternatively, the Court denies the motion on its merits. First, Leafwell misconstrues the Court's previous Opinion and Order (Doc. #44), where the Court noted an administrative rule did not exist.  While true, the promulgated rule did not exist, Leafwell's own pleading highlights that My Florida Green likely meant to reference the draft rule.  (Doc. #40, p. 8.)  Second, the Court did consider Aatrix Software, Inc. v. Green Shades Software, Inc., when reaching its conclusion to not impose sanctions.  The Court checked the Westlaw citation provided and verified its existence.  See No. 3:15-cv-164-HES-MCR, 2015 WL 12835689 (M.D. Fla. Sept. 10, 2015).  To be sure, the citation contains errors relating to the case number and decision date and the case was not on point, but the case exists.  Finally, the Court already denied

---

[1] Plaintiff contends it can either rely upon the previous conferral in the underlying motion or that "motions for sanctions do not appear to be one of the sorts of motions for which conferral is required."  (Doc. #55, p. 11.)  Plaintiff is incorrect.  Rule 3.01(g) does not carve out motions to reconsider from its enumerated list and it only permits for a Rule 11 sanction motion to avoid the meet and conferral requirement. See M.D. Fla. R. 3.01(g)(1).  Plaintiff moved under the Court's inherent authority, not Rule 11.  (Doc. #40.)  Rule 11 does not require an additional meet and conferral because it requires service on the opposing party 21 days before filing the motion with the court.  See Fed. R. Civ. P. 11(c)(2).

imposing "additional sanctions at this time," including lesser sanctions.  (Doc. #51, p. 3.)

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Reconsider Its Denial of Plaintiff's Motion for Sanctions, in Part (Doc. #55) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-3-