**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LEAFWELL, INC., A DELAWARE CORP.,

    Plaintiffs,

v.                                                      Case No. 2:25-CV-01132-JES-KRH

THE DOC APP, INC., D/B/A MY FLORIDA GREEN, A FLORIDA CORP.,

    Defendants.

_____

<u>**Uniform Case Management Report**</u>

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on N/A. Counsel for Leafwell has emailed and called counsel for My Florida Green for purposes of speaking about this Case Management Form, but counsel for My Florida Green refuses to participate in any discussion without Leafwell's prior written commitment to also discuss a number of other (unrelated) topics, and he also refuses to speak to most of the attorneys on Leafwell's defense team. Counsel for My Florida Green has repeatedly refused to coordinate for a time to meet for the requisite conference, and when one of Leafwell's attorneys did make phone-contact with him, Counsel for My Florida Green refused to confer substantively. Further details are as follows:

- On behalf of Leafwell, one of Leafwell's attorneys wrote an email to Attorney Jason Castro on June 18, 2026 inviting a "phone or Zoom" call for "tomorrow (Friday) or early next week" to discuss the upcoming Rule 16 deadline.
- That same attorney for Leafwell followed up with another email to Attorney Castro on June 23, 2026, again asking if he would like to discuss the timing

of the Rule 16 conference relative to the Defendant's pending dispositive motions.

- The following day, June 24, 2026, that same attorney for Leafwell called Attorney Castro in an attempt to Meet & Confer on the Rule 16 requirements. Attorney Castro answered the phone, but said he did not have time to talk and that he would call back that evening.  Attorney Castro did not call back.

- At 8:30 AM on June 25, 2026, the same attorney for Leafwell sent another email inquiring about (among other things) the need to schedule a Meet & Confer related to the Rule 16 conference. That same attorney followed up a few hours later stating: "[w]e also need to consider the Rule 16 and Uniform Case Management Report meeting.  I'll try to get a draft of that to you by tomorrow afternoon and then we can discuss it on Monday."

- The same attorney for Leafwell did, in fact, provide a draft of that Uniform Case Management Report to Attorney Castro the following afternoon. However, Attorney Castro took the position that "before we proceed further or schedule any conference, we require direct, complete answers to the questions above."  The "questions above" are a set of nine questions related to Leafwell's case strategy. My Florida Green took the position that a Rule 16 Conference and Case Management Report cannot be properly conducted without first "narrowing the issues" by means of answering Attorney Castro's questions.

- On the evening of June 29, 2026, My Florida Green took the position that its attorney – Attorney Castro – would speak *only* to Attorney Paul Lewis and no other attorneys with appearances on the case (including local counsel and *pro hac vice* counsel of record, both of whom were included on all relevant emails and part of the discussion all along). Attorney Castro wrote:

  > "*Given the rotating communications from multiple attorneys and firms, MFG is willing to coordinate any conferral on these issues only with you, Paul, at this time; please ensure your team is clear that all scheduling and substantive conferral communications on these issues should be directed through you unless the Court orders otherwise or the parties agree otherwise in writing*. MFG will not deviate from that position. If Leafwell quotes or characterizes this position in any filing, *please include this full paragraph*, so the Court is not given an incomplete or misleading account of MFG's position." [(emphasis in original)]

- On July 1, 2026, Leafwell sent this version of the Uniform Case Management Report to Attorney Castro prior to its filing with the Court.

As a result of the above, Leafwell has been unable to confer with My Florida Green's counsel regarding the substance of this form, or concerning the dates proposed below. Consequently, the information provided in this form originates from Leafwell, and has not been jointly agreed to by the parties.

**2. Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/10/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 7/7/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).    Plaintiff | 6/24/2027 |
| Defendant | 7/15/2027 |
| Rebuttal | 8/12/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/20/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/21/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. To Be Determined | 8/31/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/10/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/2/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 11/16/2027 |

| Month and year of the trial term. | 2/7/2028 |
|---|---|

The trial will last approximately five days and be

☒ jury.

☐ non-jury.

### 3.  Description of the Action

PLAINTIFF LEAFWELL AND DEFENDANT THE DOC APP ARE COMPETITORS IN THE MEDICAL MARIJUANA CERTIFICATION INDUSTRY. IN THIS LAWSUIT, LEAFWELL ALLEGES THAT THE DOC APP USED IMPROPER AND UNLAWFUL MEANS TO ATTEMPT TO GAIN MARKET ADVANTAGE OVER LEAFWELL.

### 4.  Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

### 5.  Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

### 6.  Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason

> can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

### 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

### Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party *by either oral or written means* in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

### 8. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: Emails/texts/other forms of communication between parties and their representatives; marketing material; Correspondence (including Cease & Desist Letters) My Florida

Green sent to medical providers working with Leafwell; Correspondence (including Cease & Desist Letters) My Florida Green sent to dispensaries working with Leafwell; videos related to Leafwell recorded by or posted by or featuring Garalay; Profit & Loss Reports; taxes;   .

C.  Discovery should be conducted in phases:

☒  No.
☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐  No.
☒  Yes; Plaintiff's will be seeking discovery on communications between executives for My Florida Green and its General Counsel that are germane to the cause of action and counts set forth therein; Plaintiffs will be inquiring about the unethical use of A.I. as relates to Defendant's activities.

E.  ☐  The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: add the parties' views and proposals.

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

## 9. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 10. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 11. Signatures

*/s/ Kevin M. Bergin*

Kevin M. Bergin, Esq.
On Behalf of Leafwell, Inc.
7/1/2026

Add name of party or counsel
If counsel, add name of client
Add date of signature

Add name of party or counsel
If counsel, add name of client
Add date of signature

Add name of party or counsel
If counsel, add name of client
Add date of signature

Add name of party or counsel
If counsel, add name of client
Add date of signature

Add name of party or counsel
If counsel, add name of client
Add date of signature

7