# EXHIBIT C

CMR and Conferral Email Exchange

June 26-29, 2026

 Outlook

---

**RE: Initial Thoughts on Case Management Report**

---

**From** Lewis, Paul <Paul.Lewis@haynesboone.com>

**Date** Mon 6/29/2026 1:49 PM

**To** Jason Castro, Esq <Jason@goldengatelegalcenter.com>; Walker, Brett <Brett.Walker@haynesboone.com>

**Cc** N. Grifoni <Nadine@goldengatelegalcenter.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com <afelix@bilzin.com>; Butler, Jeffrey <Jeffrey.Butler@haynesboone.com>

Jason,

Any appearance-entered lawyer on my team can handle any facet of the case on Leafwell's behalf – including, but certainly not limited to, the requisite telephonic conference required under Local Rule 3.02(a)(1) as to the currently-pending federal action.

Nobody needs to be "designated as a lead attorney" in order to represent Leafwell in this facet of the case.

And, to that point, we have been consistent in stating that Brett is going to be the one to do that Local Rule 3.02(a)(1) telephonic conference. There is nothing confusing about that.

Moreover:

The only topics for that Local Rule 3.02(a)(1) telephonic conference are the dozen (or so) topics on the form that is provided for this purpose, i.e., the form that Brett had drafted for you to start looking at a few days ago.

So once again, none of Leafwell's representatives are required, in any way, to provide you with any emailed answers to questions in order for the Local Rule 3.02(a)(1) telephonic conferral to be scheduled, or to happen. Neither the law or the local rules mandate any preconditions or prerequisites in advance of the telephonic conferral (with the possible exception of providing you with a working draft of the form, which Brett has of course already done).

We have been trying to get you to provide time(s) to schedule this conferral, now, for more than a week. We have asked you numerous times if you would simply provide your available times. To date, you have not done so.

I am going to ask you one more time:

**When are you available today or Wednesday to engage in the Local Rule 3.02(a)(1) telephonic conferral with Brett – regarding, and only regarding, the list of topics from the pertinent form**?

Once you provide those times during which you are available, Brett will invite you to a zoom meeting for a period during which he is also available – so that the parties can adhere to their Local Rule 3.02(a)(1) obligations, and fill out this form, in advance of the Rule 16 conference.

If you do not respond; or, if in your responsive email, you do not simply provide times that you will be available to go through those dozen (or so) items with Brett by telephone, then such is

tantamount to a refusal to engage. And, that is what we will report to the Court.

We are tired of your obstinance. You have an obligation under Local Rule 3.02(a)(1) to provide times to confer about the topics in the form, and then to actually confer about the topics in the form, without any other preconditions or prerequisite demands.

Thus far, you have not been adhering to that obligation, and it is truly getting exhausting. I implore you to simply adhere to your obligations in that respect and – simply – provide us with the available times to have the requisite Local Rule 3.02(a)(1) conferral with Brett. Please.

Best,
Paul

## HAYNES BOONE

**Paul Lewis** | Partner
paul.lewis@haynesboone.com | (t) +1 617.598.2426 (m) +1 617.281.2019

**From:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Sent:** Monday, June 29, 2026 1:18 PM
**To:** Lewis, Paul <Paul.Lewis@haynesboone.com>; Walker, Brett <Brett.Walker@haynesboone.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com; Butler, Jeffrey <Jeffrey.Butler@haynesboone.com>
**Subject:** Re: Initial Thoughts on Case Management Report

Paul,

Thank you for your email.

Before we proceed any further, Leafwell needs to identify its lead counsel for purposes of conferrals, case management, and substantive litigation positions.

Earlier in this litigation, you indicated that Brett would be taking a more active role and encouraged me to work directly with him. I did that. I responded to Brett, provided written positions, reviewed his draft Case Management Report, and attempted to establish an agenda for a productive conferral.

Now you have stepped back into the discussion, taken positions that differ from Brett's in several respects, and criticized the very process Brett initiated.

Accordingly, unless Leafwell identifies a different lead attorney, I will henceforth communicate substantively only with the attorney who responds to this email, and I will reasonably assume that attorney is authorized to speak on behalf of the entire Leafwell litigation team. I will rely upon that attorney's representations as Leafwell's official litigation position unless expressly advised otherwise. I do not intend to continue navigating conflicting or evolving positions from multiple attorneys depending on who happens to respond on a given day.

If that continues to be unclear, I may need to stop handling substantive back-and-forth by informal email and instead serve formal written correspondence through the Florida E-Filing Portal or another court-recognized method, with courtesy copies by email where appropriate. That is not my preference, but it may become necessary if that is the only way to preserve a clear and reliable record of who said what and when.

MFG has never refused to confer. MFG has identified its positions in writing, identified the issues it believes require discussion, and identified fifteen specific questions that would substantially narrow issues before both Courts.

Leafwell's response has been to state that it "does not intend to answer" those questions "at this juncture," that it "will not play into" them, and now, through your email, that they are somehow "unrelated."

That is precisely the problem.

A meaningful conference cannot occur when one party has disclosed its positions and the other refuses to identify its own. Conferences are intended to narrow disputes, not conceal them.

We are going through this in writing so that no one later claims I was being hostile over the phone, and so there is a clear record of what the parties agreed would be discussed and narrowed during any conference or conferral. If the parties cannot agree on the agenda and scope of the conferral, then that issue should be presented to the Judge for guidance. That is the proper way to handle it.

If Leafwell is unwilling to state its positions in writing before the conference, then please explain how you expect the conference to accomplish anything other than checking a procedural box. If your position is that MFG is entitled to know nothing about Leafwell's litigation positions until counsel decides to reveal them during a telephone call—or perhaps not at all—please state that plainly. If that is not your position, then answer the questions.

You repeatedly characterize MFG's questions as "unrelated." Please answer yes or no to each of the following so there is no confusion about Leafwell's position:

1. Yes or no: Is Leafwell's damages theory unrelated to Rule 16 planning, case management, discovery, or the parties' conferral obligations?
2. Yes or no: Is the factual basis for Leafwell's alleged amount in controversy unrelated to Rule 16 planning, case management, discovery, or the parties' conferral obligations?
3. Yes or no: Is whether discovery should proceed while dispositive motions are pending unrelated to Rule 16 planning, case management, discovery, or the parties' conferral obligations?
4. Yes or no: Is the anticipated scope of discovery unrelated to Rule 16 planning, case management, discovery, or the parties' conferral obligations?
5. Yes or no: Is whether any claims or allegations can be narrowed or withdrawn unrelated to Rule 16 planning, case management, discovery, or the parties' conferral obligations?
6. Yes or no: Is coordination between the federal and state proceedings unrelated to Rule 16 planning, case management, discovery, or the parties' conferral obligations?
7. Yes or no: Is ongoing conduct relevant to MFG's anticipated injunction motion unrelated to Rule 16 planning, case management, discovery, or the parties' conferral obligations?
8. Yes or no: Is the identity of the attorney authorized to make litigation decisions for Leafwell unrelated to Rule 16 planning, case management, discovery, or the parties' conferral obligations?

If Leafwell answers "yes" to any of the above, please explain the basis for that position. If Leafwell answers "no," then those subjects are not unrelated and should be included in any meaningful conferral.

I also note that both you and Brett are appearing pro hac vice. I welcome experienced out-of-state counsel when counsel complies with applicable Florida and federal rules in substance, not merely form.

Mr. Felix has now been included on this correspondence. I welcome the participation of Florida counsel and hope his involvement facilitates the meaningful substantive conferral contemplated by Florida procedure and applicable local practice. As Florida counsel of record, I expect he will assist in ensuring that all counsel appearing on Leafwell's behalf comply with those obligations.

Finally, regarding § 57.105: if Leafwell believes it has a basis after reviewing an actual motion, it may use the statutory safe-harbor procedure. But Leafwell's counsel did not serve a statutory § 57.105 motion. Counsel invoked § 57.105 in response to MFG advising that it intended to seek injunctive relief, before reviewing the motion, while simultaneously refusing to confer on the underlying facts. MFG intends to seek case-management guidance because sanctions threats appear to have been used as a substitute for meaningful conferral rather than as part of the statutory safe-harbor process. Your team has not given a single reason why that would not be necessary. If you have any speak up.

Please let me know if you believe any part of the statements above are incorrect, and please specify which statements you're referring to and why so we can narrow any misunderstandings with accuracy.

In the meantime, MFG intends to proceed with its Motion for Temporary Injunction, formal discovery, and any motions necessary to obtain case-management guidance, clarify the parties' conferral obligations, and ensure that future certifications and representations accurately reflect the record.

I remain willing to confer. I am not willing to represent to the Court that a meaningful conference has occurred when one side has disclosed its positions and the other refuses to disclose its own. Hence, why I'm being so detailed.

Please have Leafwell's lead council respond to this email. Ensure that the response only includes your Florida council so that he can verify compliance with PHV rules and enforce the necessary requirements. Feel free to blind copy anyone else you deem necessary, but this shell game with attorneys must end. If you fail to designate a lead council for me to communicate with, I will address all future correspondence exclusively to whoever responds to me next and proceed with the protective order.


Regards,

Jason Castro, Esq.


Get Outlook for iOS

---

**From:** Lewis, Paul <Paul.Lewis@haynesboone.com>
**Sent:** Saturday, 27 June 2026 17:39:00
**To:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>; Walker, Brett <Brett.Walker@haynesboone.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com <afelix@bilzin.com>; Butler, Jeffrey <Jeffrey.Butler@haynesboone.com>
**Subject:** RE: Initial Thoughts on Case Management Report

Jason,

We are going to try this one more time.

Under MDFL Local Rule 3.02(a)(1), both "parties" have an obligation to "conduct" a "planning conference" in advance of submitting the form that Brett had drafted, in anticipation of the initial scheduling conference that is taking place next month; and, such "planning conference" must occur "by telephone" or "comparable means."

Brett has been trying to schedule this required conference with you for week. There have been several communications about it that I am aware of. But still, to date, you have not provided any times for it to take place with Brett.

Instead, as evidenced by your emails, you have made a number of unrelated prerequisite demands – seemingly as a condition of actually having this conference that both parties are required to have. You have no legal basis to make these demands as a precondition to the required conference. Leafwell is not going to let you engage in some sort of unauthorized discovery mission ("unanswered questions"), or anything else of the sort, as a threshold condition of doing this very basic required thing.

In this respect, your conduct is tantamount to a refusal to have this conference. The conference should not, and cannot, be conditioned on anything like this.

To be clear, that case management form (that Brett drafted for your review) contains about a dozen very basic questions. The only purpose of the MDFL Local Rule 3.02(a)(1) conference is to discuss the specific topics that are put forth by the questions. That is all. Nothing else is up for discussion in this MDFL Local Rule 3.02(a)(1) conference that both parties are obligated to participate in.

If you continue to refuse to engage in this unless some unrelated things occur, then we will simply report that to the Court and submit this form unilaterally.

With all of this in mind, on behalf of Leafwell, I want to ask one more time:

When are you free on Monday or Wednesday of next week – for the specific purpose of conferring with Brett about only the specific topics noted in the required form, with the ultimate goal of having the required form be a joint submission?

Please provide us with times to do that.

And once again, Leafwell's team will not be meeting any unrelated demands or conditions in order for this to happen, nor will the contemplated MDFL Local Rule 3.02(a)(1) conference include discussion of other topics (such as your "unanswered questions").

Best,
Paul

PS
Separately and independent from the parties' obligations in the active MDFL case, if you want to M&C on some motions that you are going to file in the separate Florida state court case, then please tell us what those motions are, what relief they seek, and what the general grounds for those motions will be under separate cover – as well as times that you might be available to speak with Brett about those motions. This has not yet occurred. But, yes – Leafwell certainly reserves the right to move under § 57.105 after reading them, insofar as Leafwell chooses to take the position that they lack a good faith basis in law/fact. Leafwell is aware of the 21-day safe harbor provision.

**HAYNES BOONE**

**Paul Lewis** | Partner
paul.lewis@haynesboone.com | (t) +1 617.598.2426 (m) +1 617.281.2019

**From:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Sent:** Friday, June 26, 2026 11:18 PM

**To:** Walker, Brett <Brett.Walker@haynesboone.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com
**Subject:** Re: Initial Thoughts on Case Management Report

Dear Brett & Mr. Felix,

Thank you for forwarding the draft Uniform Case Management Report. I understand it is only a draft and that you are requesting MFG's input.

MFG cannot agree that any Rule 16 planning conference or meaningful conferral has occurred.

To be clear: a phone call or email exchange is not, by itself, a meaningful conferral. A meaningful conferral requires counsel to identify what is agreed, what is disputed, what can be narrowed, and what actually requires court involvement. ***That has not happened.*** Please correct this blatantly false representation.

And, to be clear, since you do not want to have a meaningful conferral, we're going to need a Judicial Case Management to address this. You should ask your Florida counsel how that goes, and why that is the appropriate next step.

Our position is this: MFG has acted in good faith by promptly stating it does not object to Ms. Fernandez's withdrawal, promptly stating it does not object to Leafwell's requested extension, identifying the pending motions and case-management issues that should be discussed, identifying specific questions concerning Leafwell's claims, damages theory, amount in controversy, discovery scope, ongoing conduct, and the relationship between the federal and state cases, and explaining that those questions were intended to narrow issues and avoid unnecessary motion practice. Leafwell has not reciprocated. Instead, Leafwell requested cooperation on its preferred procedural issues while refusing to answer MFG's substantive conferral questions.

*Specifically, you stated that Leafwell does not intend to answer those questions "at this juncture," that Leafwell "will not play into" those inquiries, and that you view them as "unprofessional, improper and unproductive."* You also stated that "most" answers are in the Complaint and related pleadings, but you have not identified the specific paragraphs or filings that supposedly answer which inquiry.

*Bret, come on, that is not issue narrowing. That is avoidance. And you seem to be picking up where prior council has left off.*

Now, consistent with conferral requirements under Florida law, I must ask if Leafwell contends otherwise. F so, please identify the specific statement above that is incorrect and provide the correction. If Leafwell continues to decline to do so, MFG will proceed on the understanding that Leafwell does not meaningfully dispute this record.

Because of everything described above, MFG will not sign or submit any Case Management Report that states or implies that a Rule 16 planning conference occurred, that a meaningful conferral occurred, or that MFG agreed to positions it has not agreed to. MFG also cannot agree to any draft CMR that:

1. states or implies a planning conference occurred when it did not;
2. states or implies MFG consents to magistrate judge jurisdiction when it has not;
3. omits MFG's discovery needs concerning Leafwell's Florida operations, dispensary relationships, sponsorships, funding, parking-lot and pop-up events, brick-and-mortar locations, damages theory, amount in controversy, and ongoing conduct;
4. contains a one-sided description of the case;
5. fails to identify the pending motions and disputes affecting case management; or

6. fails to preserve MFG's position that judicial case-management guidance may be necessary.

I am also putting Leafwell's pro hac vice counsel, *including you,* on clear notice of MFG's concern. The issue is not routine admission or professional courtesy. The issue is whether counsel appearing in Florida courts will comply with the substance of the applicable rules governing conferral, hearing coordination, case management, and accuracy in representations to the Court.

Mr. Felix will eventually be required that explain to the court why Leafwell's pro hac vice counsel continue to request procedural cooperation from MFG while refusing to identify Leafwell's positions, refusing to narrow issues, or submitting filings or certifications that do not accurately reflect what occurred.

MFG will seek appropriate relief, including sanctions or other relief directed to each counsel's participation if warranted. MFG will also seek relief as appropriate concerning any Florida counsel who permits or enables filings, certifications, or representations that do not accurately reflect the record.

The purpose of this detailed notice is simple: MFG does not want later confusion about why it objects. Counsel cannot use pro hac vice status to participate selectively in Florida litigation—seeking extensions, hearing dates, case-management positions, and procedural advantages—while avoiding the good-faith obligations that come with appearing before the Court.

Stated plainly, our concern is that the current approach appears to be a more cordial version of the same problem MFG has experienced with prior Leafwell counsel: pro hac vice counsel seeking the benefits of participation in Florida litigation while declining to engage in the substantive conferral required by the applicable rules. Professionally speaking, changing the tone of the refusal does not cure the problem. If counsel continues to avoid

meaningful conferral while requesting procedural cooperation, MFG will address that conduct directly with the Court.

So to be clear, MFG remains willing to confer. But MFG will not participate in a hollow conferral that creates the appearance of compliance while Leafwell refuses to discuss its own claims, damages theory, discovery scope, or the actual issues defining the case.

I also want you to be aware that MFG understands what this approach of your team is designed to accomplish. It an attempt to keeps Leafwell's claims vague, avoid commitment on damages and causation, delays issue narrowing, and attempts to shift the parties into procedural case management without Leafwell first explaining the factual and legal basis for its own case. MFG will not participate in that process as though it satisfies the parties' good-faith conferral obligations. It does not!

The problem for Leafwell is that this strategy ultimately does not work. These issues are not going away. They are only being postponed. Whether through meaningful conferral, written discovery, depositions, motions to compel, Rule 16 proceedings, case-management conferences, or evidentiary hearings, Leafwell will eventually be required to articulate what conduct it claims was actionable, how it calculates its alleged damages, what evidence supports those claims, and how it contends this case satisfies the jurisdictional and substantive requirements of Florida and federal law.

From MFG's perspective, the only question is whether those issues are addressed cooperatively now or after the parties and the Court incur substantial additional expense that could have been avoided. MFG has repeatedly attempted to choose the first option. Leafwell appears intent on choosing the second.

I would have thought by now you would realize why this strategy is counterproductive to your client. But in the event that you still have not realized it, let me spell it out. This strategy your team has been driving up cost with does not strengthen Leafwell's position. It merely delays the inevitable while increasing litigation costs, multiplying motion practice, and consuming judicial resources. So, to that end, MFG will not participate in creating the appearance of meaningful conferral when the very issues that define this litigation remain intentionally unaddressed by your team.

If continued judicial intervention becomes necessary to require meaningful conferral, clarify the scope of the claims, or ensure compliance with the applicable rules, MFG will seek that relief. I would prefer to litigate the merits. If, however, every procedural obligation must first be enforced through court intervention, then that is the course MFG is prepared to pursue.

As we say in the enlisted ranks, *it may simply be time to embrace the suck.*

Until we catch up on all the issues that you refuse to confer on, we're at an impasse and judicial intervention is necessary to satisfy due process requirements.

Finally, I want to address your reference to § 57.105. If Leafwell genuinely believes it has a basis to proceed under § 57.105, then it should comply with the statute by serving a proper motion and following the statutory safe-harbor procedure. What § 57.105 is not intended to be is a litigation tactic used to discourage an opposing party from filing a motion before that motion has even been drafted, served, or considered by the Court.

For the record of all involved with your inappropriate attempt to prevent me from moving forward on a motion/claim, what has transpired:

I advised you that MFG intends to seek a temporary injunction based upon Leafwell's continuing conduct. Your ***immediate response*** was not to engage on the underlying facts or determine whether the issues could be narrowed through conferral, but instead to raise the prospect of § 57.105 sanctions. From MFG's perspective, that sequence speaks for itself.

My objective remains the same as it has been from the outset: meaningful conferral, issue narrowing where possible, and accurate representations to the Court. If Leafwell's litigation strategy instead is to avoid discussing/conferring the underlying facts/merits while threatening sanctions over anticipated filings, then MFG believes judicial guidance on the parties' respective conferral obligations and case-management responsibilities has become the necessary standard for this litigation.

Frankly, I was shocked and offended with the manner in which § 57.105 was raised. A statutory safe-harbor notice under § 57.105 is not a substitute for a required good-faith conferral, nor does merely referencing potential sanctions satisfy any obligation to narrow issues or discuss the merits of a contemplated motion. Here, after MFG advised that it intended to seek injunctive relief, Leafwell did not attempt to discuss the underlying facts, determine whether any issues could be narrowed, or identify areas of agreement or disagreement. Instead, the response was an immediate reference to potential sanctions before the motion had even been drafted or served. That sequence does not advance the purpose of meaningful conferral.

If Leafwell genuinely believes a future filing will violate § 57.105, it remains free to utilize the statutory safe-harbor procedure in the manner contemplated by the statute. Until then, MFG intends to proceed under the Florida Rules of Civil Procedure and expects future conferrals to focus on narrowing issues rather than discouraging the filing of motions through premature sanctions discussions.

So where do we stand now?

Well… in addition to the Motion for Temporary Injunction, MFG intends to file motions seeking:

(1) a case-management conference and clarification of conferral obligations;

(2) court guidance on Rule 16 planning and whether a meaningful conference can occur while Leafwell refuses to identify its claims, damages theory, discovery scope, and ongoing conduct at issue;

(3) relief regarding any inaccurate or premature representation that a Rule 16 conference or meaningful conferral has occurred; and,

(4) appropriate relief concerning pro hac vice participation as the PHV attorneys for Leafwell continue to request procedural cooperation while refusing to comply with substantive conferral obligations.

Therefore, based on your written representations, MFG must now consider preparing the following filings:

1. Motion for Case Management Conference and Clarification of Conferral Obligations, asserting that Leafwell has failed to engage in substantive conferral and has instead relied on threats of sanctions.
2. Opposition or Objection to Pro Hac Vice Participation, or alternatively a request for conditions on such participation, based on repeated noncompliance with applicable Florida and local conferral requirements.
3. Motion for Protective Order or for Court Guidance, to the extent that any threat under section 57.105 was used to attempt to deter the filing of the intended motion for temporary injunction.

MFG will evaluate these options and proceed with appropriate filings following further review of the parties' recent correspondence.

Last but not least, I must also note that Mr. Felix has now been included on this correspondence. I welcome the participation of Florida counsel and hope his involvement will facilitate the meaningful substantive conferral contemplated by the Florida Rules of Civil Procedure and applicable local practice. As Florida counsel of record, Mr. Felix is presumably familiar with those obligations and can assist in ensuring that all counsel participating on Leafwell's behalf comply with them in substance, not merely form.

Accordingly, unless I am advised otherwise, I will direct future Florida procedural and conferral communications to Mr. Felix as Florida counsel of record. To the extent the current approach continues—namely, requesting procedural cooperation while refusing to engage in meaningful conferral on the merits, certifying conferrals that have not substantively occurred, or otherwise failing to comply with Florida procedural requirements—I will seek appropriate relief from the Court directed to all counsel responsible for those representations, including Florida counsel where appropriate. At that point, your Florida counsel can explain to the Court why Leafwell elected to proceed with procedural requests while simultaneously refusing to participate in the substantive issue-narrowing and good-faith conferral required by the Florida Rules of Civil Procedure.

Please conduct yourselves accordingly.

Respectfully,

Jason K. Castro, Esq.

This message was sent from an iPhone device.
_____
Law Offices of Jason K Castro. PLLC


THIS ELECTRONIC MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT AN INTENDED RECIPIENT, OR THE EMPLOYEE /AGENT RESPONSIBLE FOR DELIVERING THIS E-MAIL TO THE

RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED.  IF YOU RECEIVED THIS E-MAIL MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER BY REPLYING TO THIS MESSAGE OR BY TELEPHONE AND DESTROY.  THANK YOU.

**P *Think Green! PLEASE print this email only if absolutely necessary***

On Jun 26, 2026, at 6:46 PM, Walker, Brett <Brett.Walker@haynesboone.com> wrote:

Jason,

   This is my initial thought on our Case Management Report.  I'll sleep on it and might have some further thoughts on it tomorrow.  I also, of course, need your input.  This is only a draft and subject to modification by either side.

**Brett Walker** | Counsel
brett.walker@haynesboone.com | (t) +1 617.598.2422

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
<Leafwell v MFG uniform-case-management-report (2026) (v.1).docx>


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.