# EXHIBIT E

Additional Conferral Correspondence Concerning
Rule 16, CMR Topics, Attorney Authority,
and Unanswered Questions

Leafwell, Inc. v. The Doc App, Inc. d/b/a My Florida Green
Case No. 2:25-cv-01132-JES-KRH

1.    June 18, 2026 - Brett Walker to Jason Castro, Meet & Confer for MFG v. Leafwell

2.    June 19, 2026 - Paul Lewis to Jason Castro, RE: Meet & Confer for MFG v. Leafwell

3.    June 26, 2026 - Brett Walker to Jason Castro, RE: Extension for Deadline to Respond

4.    June 29, 2026 - Jason Castro to Adrian Felix, Paul Lewis, and Brett Walker, Re: Initial Thoughts on Case Management Repo

The following pages are the original Outlook PDF printouts provided for Exhibit E.

 Outlook

## Meet & Confer for MFG v. Leafwell

**From** Walker, Brett <Brett.Walker@haynesboone.com>

**Date** Thu 6/18/2026 7:40 PM

**To** Jason Castro, Esq <jason@goldengatelegalcenter.com>; castrolaw.service@gmail.com <castrolaw.service@gmail.com>

**Cc** afelix@bilzin.com <afelix@bilzin.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>

Jason,

I am an attorney with Haynes Boone working with Paul Lewis and Kevin Bergin.  Paul is unavailable for the next few days. Kevin is just now returning from Paternity Leave and trying to catch up on a bunch of his cases.  That leaves it to me to manage a few matters in the MFG v. Leafwell cases for a short while.

In that spirit, I would like to ask if you are available for a phone or Zoom call to discuss two matters:

First, I would like to ask if My Florida Green takes a position on the Pro Hac Vice motions for Kevin Bergin and Jeff Butler.

Second, I was looking at the scheduling order for the federal case.  It seems our Rule 16 conference is coming up soon.  Maybe too soon.  It is probably worth discussing that too, along with the Initial Disclosure, in light of your pending Motions to Dismiss.

What is your availability for a Meet & Confer tomorrow (Friday) or early next week?

## HAYNES BOONE

**Brett Walker** | Counsel
brett.walker@haynesboone.com | (t) +1 617.598.2422

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

 Outlook

---

**RE: Meet & Confer for MFG v. Leafwell**

---

**From** Lewis, Paul <Paul.Lewis@haynesboone.com>

**Date** Fri 6/19/2026 5:18 PM

**To** Jason Castro, Esq <Jason@goldengatelegalcenter.com>; Walker, Brett <Brett.Walker@haynesboone.com>; castrolaw.service@gmail.com <castrolaw.service@gmail.com>

**Cc** afelix@bilzin.com <afelix@bilzin.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; Butler, Jeffrey <Jeffrey.Butler@haynesboone.com>

Jason,

My matters are handled by my team as a whole. Recognizing that there has been a bit of a shakeup recently with my move, I will clarify that, at this point, the Leafwell team consists of: myself, Brett, Kevin, Jeff (all Haynes Boone) and Adrian (new local counsel). As of this point, nobody at DLA is involved anymore; I have taken my team and my clients to Haynes and Boone LLP.

Moving to the specifics of your email:

Brett is fully entered on both cases. Insofar as there will be any M&Cs on the Rule 16 stuff and the PHV stuff, they will be with him. You'll like Brett; you guys can bond over your military service.

Perhaps you and I may chat one day, but it will not be on this. A party's lawyer does not get to choose the specific lawyer with whom a given M&C occurs. I also note that I do not personally handle M&Cs on my matters personally; typically, the M&Cs on my clients' cases are handled by another entered lawyer from my team (e.g., here it is Brett).

So, you can find a time to talk with Brett as he proposed, you can simply assent and/or otherwise handle this stuff with him/us by email, or you can refuse to M&C with Brett because I will not be joining. The decision is yours.

In any event, the issues here are simple; please do not overthink them or try to broaden Brett's proposal into something that it isn't. PHVs are PHVs. And the Rule 16 conference requires a joint submission in advance. Those are the topics.

But, to that latter point, if MFG (as defendant) wants to move to enlarge the upcoming hearing and associated deadlines by several months – in light of your latest flurry of Rule 12 motions (so that they can be ruled upon first) – you can ask us to assent to such a motion, and I anticipate that we would be willing to assent to that specific relief (only). Chances are that we would not even need a full-on M&C for that. You can just send us a draft motion and tell the court that we assent to pushing it to a date convenient for both of us.

Moreover, your "unanswered questions for [me]" are not going to be the topic of the contemplated M&C. I am not a witness to any of the conduct that MFG alleges. You can save your "questions" for discovery directed at the witnesses to the alleged conduct, if and when MFG gets there.

Lastly, I am sorry that you feel that MFG's campaign against Leafwell has not (in your words) made much "progress" towards the "merits" over the last twelve months. (Candidly, MFG's voluntary dismissal of its own complaint in late 2025 probably did not help, nor has MFG's numerous attempts to rewrite its complaint to make it less nonsensical.)

In any event, it is obviously not the defendant's job to help the plaintiff to get to the "merits" of their claims against the defendant. Sorry that you are disappointed. We are both just doing our jobs. (As a late-career criminal defense attorney often used to say to new ADAs many years ago: "always adversarial; never personal.")

Anyway, let us know if you want to move to push the Rule 16 events and deadlines – in light of your latest pre-disco motions on the federal case. Alternatively, you and Brett can find a time to engage in the requisite communication in that respect, which is largely required by the rules (especially since we have a joint submission that will soon be due). And, please try not to overthink the PHV motions; they're just PHVs.

Best,
Paul

**HAYNES BOONE**

**Paul Lewis** | Partner
paul.lewis@haynesboone.com | (t) +1 617.598.2426 (m) +1 617.281.2019

**From:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Sent:** Friday, June 19, 2026 4:21 PM
**To:** Walker, Brett <Brett.Walker@haynesboone.com>; castrolaw.service@gmail.com
**Cc:** afelix@bilzin.com; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>
**Subject:** Re: Meet & Confer for MFG v. Leafwell

Brett,

Thank you for reaching out.

I am happy to meet and confer, but given that Paul has been handling the matter and Kevin is just returning from leave, I can wait until Paul is available so that everyone can participate. Especially in light of several unanswered questions I have for Paul.

With respect to the Pro Hac Vice motions, I am still evaluating them and reserve all rights.

I would also appreciate some additional clarification regarding the issues that you wish to discuss. In light of the Court's recent denial of reconsideration, and the current procedural posture of both cases, it would be helpful to understand the specific concerns regarding the Rule 16 conference, initial disclosures, scheduling, or any other matters you intend to raise so that I can adequately prepare for the discussion.

To be candid, from my perspective there have been a number of procedural motions and requests filed recently that appear directed toward delaying the progress of this litigation rather than addressing the merits. Moreover, I am also unclear why issues concerning service on parties represented by separate counsel are being raised by attorneys who do not represent those parties. Accordingly, some additional context regarding the purpose and scope of the proposed conference would be helpful.

Please let me know when Paul is available and provide a few dates and times that work for everyone.

Regards,

Jason K. Castro
Counsel for My Florida Green


Get Outlook for iOS

---

**From:** Walker, Brett <Brett.Walker@haynesboone.com>
**Sent:** Thursday, 18 June 2026 19:40:07
**To:** Jason Castro, Esq <jason@goldengatelegalcenter.com>; castrolaw.service@gmail.com <castrolaw.service@gmail.com>
**Cc:** afelix@bilzin.com <afelix@bilzin.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>
**Subject:** Meet & Confer for MFG v. Leafwell


Jason,

I am an attorney with Haynes Boone working with Paul Lewis and Kevin Bergin.  Paul is unavailable for the next few days. Kevin is just now returning from Paternity Leave and trying to catch up on a bunch of his cases.  That leaves it to me to manage a few matters in the MFG v. Leafwell cases for a short while.

In that spirit, I would like to ask if you are available for a phone or Zoom call to discuss two matters:

First, I would like to ask if My Florida Green takes a position on the Pro Hac Vice motions for Kevin Bergin and Jeff Butler.

Second, I was looking at the scheduling order for the federal case.  It seems our Rule 16 conference is coming up soon.  Maybe too soon.  It is probably worth discussing that too, along with the Initial Disclosure, in light of your pending Motions to Dismiss.

What is your availability for a Meet & Confer tomorrow (Friday) or early next week?


**HAYNES BOONE**

**Brett Walker** | Counsel
brett.walker@haynesboone.com | (t) +1 617.598.2422


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended

recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

 Outlook

---

**RE: Extension for Deadline to Respond**

---

**From** Walker, Brett <Brett.Walker@haynesboone.com>

**Date** Fri 6/26/2026 10:41 AM

**To**  Jason Castro, Esq <Jason@goldengatelegalcenter.com>

**Cc**  N. Grifoni <Nadine@goldengatelegalcenter.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com <afelix@bilzin.com>


Jason,

I do not intend to answer those questions at this juncture.  Besides, the answer to most of them are in our Complaint and the related pleadings.  It seems you have been engaging in this tactic throughout MFG's campaign against Leafwell.  It is unprofessional, improper and unproductive.  I will not play into it.  I will, of course, participate in such communications and dialogues as are required under applicable rules.

Look, Jason, if your concern is that previous Meet & Confers have not been to your liking – I will remind you that is why I was giving it a shot.  The idea was to give you a new person.  Indeed, Paul said you are a veteran.  I have 27 years of Army service all over the world, so (per Paul's introduction) we thought it would be a good fit.  However, you have, as of yet, not taken me up on any of my numerous offers to speak; including when I called you earlier this week.

As to Leafwell's fourth attempt at a Preliminary Injunction / Temporary Restraining Order, since the Florida rules do not require a telephonic Meet & Confer, I think we ought to forgo that practice and continue doing it by email, which is consistent with Paul's earlier guidance.  Send to me a few more details so we can do so.

That being said, I must caution you that, if you decide to take a fourth stab at a PI/TRO against Leafwell, it may be that Leafwell considers serving a motion under Florida's § 57.105 provision for one or both of the following reasons:

First, My Florida Green has known about the conduct at issue for more than a year.  Therefore, there is no good-faith basis to believe that My Florida Green could meet the irreparable harm prong.

Second, by its own admission, My Florida Green has already conceded the lack of any good faith basis to believe any statutory violations have occurred.  Therefore, My Florida Green lacks a good-faith basis to believe that it will prevail on the merits.


On a separate topic, I will get you a copy of the Uniform Case Management Report for that Rule 16 conference later today.  Once you've had the chance to review it, let me know when and how you want to discuss it.

**HAYNES BOONE**

**Brett Walker** | Counsel
brett.walker@haynesboone.com | (t) +1 617.598.2422

**From:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Sent:** Friday, June 26, 2026 7:13 AM
**To:** Walker, Brett <Brett.Walker@haynesboone.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com
**Subject:** Re: Extension for Deadline to Respond

---

Bret,

Thank you for your response.

I appreciate your confirmation regarding the hac vice applicants. Based on that representation, MFG does not presently anticipate objecting to the pending PHV motions.

I also agree that the four immediate procedural issues identified in your email have largely been narrowed: Ms. Fernandez's withdrawal, the requested extension, the PHV motions, and the Rule 16 / Case Management Report process.

Before proceeding further, I need direct clarification on two items.

First, regarding the anticipated Motion for Temporary Injunction, that motion will be filed in the state court action, where MFG is the plaintiff. The motion concerns Leafwell's continued conduct during the pendency of this litigation, including alleged Florida parking-lot or pop-up certification events involving dispensaries and issues concerning brick-and-mortar locations in Florida. Once filed, that motion will require its own substantive conferral under the applicable state-court rules.

Second, while I understand your position that Leafwell's counsel have complied with applicable rules, my concern going forward is practical: future conferrals must be substantive, organized, and issue-narrowing. Prior exchanges did not accomplish that, and the Court has already addressed issues concerning compliance with conferral requirements. Given that you are now appearing as new counsel for Leafwell, please confirm directly whether you are aware of that history and whether there has been any omission or misunderstanding within your team regarding it.

To ensure our future conference complies with its intended purpose of narrowing issues before judicial intervention, MFG requests clear responses to the following:

**Federal Case Questions**

1. What specific conduct does Leafwell contend remains actionable after the Court's prior rulings?
2. Which remaining claims are tied to that conduct?
3. What is the factual and legal basis for Leafwell's position that the amount in controversy exceeds $75,000, and what specific conduct does Leafwell contend caused those damages?
4. Are the claimed damages based on attorneys' fees, lost business, reputational harm, lost customers, goodwill, or some other category?
5. If Leafwell contends attorneys' fees are recoverable damages or part of the amount in controversy, what is the legal basis for that position?

6. Does Leafwell contend that MFG's litigation conduct, public statements, cease-and-desist communications, Mr. Garulay's conduct, or some other conduct is the basis for the remaining claims?

7. Does Leafwell contend that its current pleading adequately identifies which factual allegations support each remaining claim and corresponding damages theory? If so, please explain how MFG is expected to discern those relationships from the operative pleading? If not, does Leafwell intend to amend, narrow, or otherwise clarify its pleading?

**Counsel Coordination**

8. Has Leafwell's current counsel substantively reviewed the pleadings and pending motions in both the federal and state actions and is it prepared to take positions on these issues?

9. Is Leafwell maintaining all factual and legal positions previously asserted by Ms. Fernandez, Mr. Lewis, Mr. Bergin, and other Leafwell counsel? If not, please identify which positions have changed so that the parties are not conferring based upon inconsistent or superseded positions.

These are straightforward questions that relate directly to jurisdiction, pleading sufficiency, discovery scope, Rule 16 planning, and whether issues can be narrowed without further court involvement. MFG has provided its positions; we expect the same level of clarity in response.

I will review your draft Case Management Report when received. However, before we proceed further or schedule any conference, we require direct, complete answers to the questions above. Without those responses, meaningful conferral is not possible, and we cannot make any real "progress" in narrowing issues or advancing this matter.

With that, I'm not sure how I can be more direct, but I'll keep trying. Therefore, I ask again and pointedly, *Bret, please provide complete and direct responses to the questions above so that we can make real progress and proceed with a meaningful and efficient conferral.*

If Leafwell is unwilling to answer those questions directly before conferral, MFG will proceed with formal discovery, including interrogatories and other appropriate discovery requests, to obtain the same information.

Regards,

Jason Castro, Esq.

Get Outlook for iOS

---

**From:** Walker, Brett <Brett.Walker@haynesboone.com>
**Sent:** Thursday, 25 June 2026 12:33:18
**To:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com <afelix@bilzin.com>
**Subject:** RE: Extension for Deadline to Respond

Jason,

Our Pro Hac Vice attorneys are familiar with the rules and will comply with them as we have throughout our involvement in this case and in the same manner as any other lawyer does in this routine situation.  So, with that confirmed, I am assuming that My Florida Green does not objection to the two PHV motions.  If I am wrong about that assumption, please let me know.

At this point, it seems we've resolved the four issues identified at the top of your email and that were specified as the topics of Leafwell's Meet & Confer invitations. Progress!

Separately, may I clarify if you are seeking your own Meet & Confer to address the new Temporary Injunction motions you are drawing up?  If so, is that in connection with the federal case or the state case?  I inquire because they have different requirements for Meet & Confer, right?

We also need to consider the Rule 16 and Uniform Case Management Report meeting. I'll try to get a draft of that to you by tomorrow afternoon and then we can discuss it on Monday. We can schedule a general case conference to discuss broader topics sometime after the Independence Day vacation.

## HAYNES BOONE

**Brett Walker** | Counsel
brett.walker@haynesboone.com | (t) +1 617.598.2422

**From:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Sent:** Thursday, June 25, 2026 11:01 AM
**To:** Walker, Brett <Brett.Walker@haynesboone.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com
**Subject:** Re: Extension for Deadline to Respond

Brett,

Thank you for your email.

I understand Leafwell would like to discuss four immediate procedural issues: (1) the pending pro hac vice applications; (2) Ms. Fernandez's Motion to Withdraw; (3) Leafwell's requested extension to respond to the Rule 12(b)(1) and Rule 12(b)(6) motions; and (4) the Rule 16 Conference and Case Management Report.

MFG's positions on those issues are straightforward:

1. MFG does not object to Ms. Fernandez's Motion to Withdraw.
2. MFG does not object to Leafwell's requested two-week extension, through July 17, 2026.
3. MFG is willing to discuss the pending pro hac vice applications, subject to confirmation that any attorney appearing on behalf of Leafwell understands and intends to comply with the Federal Rules of Civil Procedure, the Middle District of Florida Local Rules, the Florida Rules of Civil Procedure where applicable, the Florida Rules of General Practice and Judicial Administration, and all court-specific requirements concerning motion practice, coordination of hearings, conferral obligations, and case management.
4. MFG intends to proceed with discovery. While the pending Rule 12(b)(1) motion presents a threshold jurisdictional issue, MFG does not believe that issue alone justifies delaying discovery or other appropriate case-management activities absent a court order.

Additionally, MFG intends to file a Motion for Temporary Injunction based upon Leafwell's continued conduct during the pendency of this litigation, including, among other things, continued parking-lot and pop-up certification events conducted in conjunction with Florida medical marijuana treatment centers and issues

concerning Leafwell's continued use of brick-and-mortar locations in Florida. That motion will be filed before our substantive conferral and should likewise be included as part of the conferral agenda.

If Leafwell believes MFG's understanding of those activities is inaccurate, incomplete, or lacks material context, now would be the appropriate time to provide that information so the parties may determine whether any issues can be narrowed before additional motion practice.

That brings me to the purpose of the conferral itself.

Mr. Lewis previously referenced our shared military backgrounds. Borrowing that analogy, before a command conference, responsible leadership first conducts a complete situation report, identifies unresolved issues, establishes objectives, and ensures the appropriate decision-makers are present. Only then is the conference productive. My request is no different.

Before we conduct a substantive meet and confer, I would like the agenda established, the outstanding questions identified, and confirmation that the attorneys participating have authority to address the issues under discussion.

In my view, prior conferrals and communications with Ms. Fernandez and Mr. Lewis did not meaningfully narrow the issues or improve judicial efficiency because several positions remained unclear, were deferred, or were not directly answered. I would prefer not to repeat that process.

Because you appear to be taking a more active role in this matter, I suggest you first confer with Mr. Lewis and the remainder of Leafwell's litigation team so that you are fully apprised of the issues previously raised and are prepared to state Leafwell's positions.

I also want to be clear regarding my understanding of the parties' conferral obligations.

Under Middle District of Florida Local Rule 3.01(g), counsel are expected to confer in a good-faith effort to resolve or narrow issues before seeking judicial intervention. The certification required by the Rule necessarily contemplates more than simply confirming that counsel spoke; it requires identifying whether relief is opposed, whether any portion of the requested relief is agreed upon, and what issues remain genuinely disputed.

Similarly, the Florida Rules of Civil Procedure require meaningful conferral before many motions are filed, with the objective of narrowing disputes and avoiding unnecessary motion practice. Likewise, any attorney appearing pro hac vice in Florida is expected to comply with the applicable Florida procedural rules, the Rules Regulating The Florida Bar where applicable, the Florida Rules of General Practice and Judicial Administration, and all applicable local rules and administrative procedures.

Accordingly, my expectation is that any attorney participating on behalf of Leafwell—whether admitted generally or appearing pro hac vice—will be prepared to discuss the issues substantively, identify Leafwell's positions, identify what relief can be agreed upon, what allegations or claims can be narrowed or withdrawn, what issues remain disputed, and what matters truly require judicial intervention.

With that understanding, please confirm or deny Leafwell's position on the following:

1. Does Leafwell agree that discovery should proceed while the pending motions remain under advisement? If not, what is the legal basis for any requested stay or limitation?
2. Does Leafwell intend to seek any stay of discovery, Rule 16 obligations, or other case-management deadlines?
3. Does Leafwell intend to oppose the Rule 12(b)(1) Motion solely on the pleadings, or will it rely upon evidence outside the pleadings? If so, please generally identify the nature of that evidence.
4. Does Leafwell intend to oppose the Rule 12(b)(6) Motion as to every challenged claim, or does it intend to withdraw, amend, or narrow any claims before the Court rules?

5. Does Leafwell intend to defend every allegation challenged by MFG's Motion to Strike, including allegations that are personal, scandalous, immaterial, or otherwise unrelated to the remaining legal claims? If so, please identify, generally, the legal basis for maintaining those allegations.
6. Does Leafwell contend that the pending anti-SLAPP and related attorney's fee issues are not appropriate subjects for conferral? If so, please explain.
7. Does Leafwell dispute that it has continued conducting or participating in parking-lot, pop-up, or similar certification events with Florida dispensaries during the pendency of this litigation?
8. Does Leafwell dispute that those events involve dispensary participation, sponsorship, promotion, funding, patient acquisition efforts, discounts, or other consideration connected to certification activity?
9. Does Leafwell dispute that it is operating from, advertising, or utilizing brick-and-mortar locations in Florida in connection with medical marijuana certifications? If so, please explain.
10. Does Leafwell believe MFG's forthcoming Motion for Temporary Injunction should not be included within the scope of the parties' substantive conferral? If so, please explain why.
11. Does Leafwell agree that issues common to both the federal and parallel state actions—including preservation, discovery coordination, sequencing, overlapping motion practice, and ongoing conduct—should be discussed in a coordinated manner where appropriate?
12. Who will have primary responsibility for conferrals, hearings, scheduling, and substantive litigation decisions on behalf of Leafwell going forward?
13. Are you now the attorney primarily responsible for this litigation, or should substantive communications continue to include Mr. Lewis and/or other counsel?
14. Does Leafwell agree that future conferrals should be directed toward narrowing issues, identifying stipulations, withdrawing unsupported claims or allegations where appropriate, and minimizing judicial involvement wherever reasonably possible?
15. Does Leafwell agree that the substantive conferral should include discussion of MFG's pending Rule 12(b)(1) Motion, Rule 12(b)(6) Motion, Motion to Strike, anti-SLAPP and attorney's fee motion, anticipated Motion for Temporary Injunction, discovery issues, and Rule 16 obligations? If not, please identify which of those issues Leafwell believes should be excluded and the basis for that position.

MFG is not refusing to confer. To the contrary, MFG is attempting to ensure that the parties' conferral complies with the applicable federal, state, and local procedural requirements and fulfills its intended purpose of narrowing disputes before seeking judicial intervention.

If you believe additional agenda items should be included, or that any of the foregoing should be modified, please let me know so that we may finalize the agenda before scheduling the conference.

Once the agenda is agreed upon and the parties have clarified their respective positions, I will be happy to schedule sufficient time for a substantive meet and confer by Zoom or telephone.

To the extent any of the foregoing questions are not answered before the conference, I will understand that those issues remain disputed and should remain on the conferral agenda. If Leafwell is unwilling or unable to engage substantively on the agenda, the merits-related issues, discovery, ongoing conduct, and the scope of the parties' conferral obligations, then MFG will seek appropriate case-management relief from the Court, including a case-management conference if necessary. I do not believe it serves either party or the Court to proceed through months of motion practice, discovery disputes, and scheduling issues without first clarifying the parties' positions and determining what can actually be narrowed.

Final, I would also note that, from MFG's perspective, this litigation has already generated a substantial amount of unnecessary motion practice and expense. MFG's position is that Leafwell has pursued litigation strategies that have unnecessarily increased the cost and complexity of these proceedings, including efforts that MFG contends were directed toward delaying resolution of the underlying issues and attempting to create friction

between MFG and its counsel. Those efforts have not altered MFG's litigation strategy or its attorney-client relationship.

Instead, they have substantially increased the attorneys' fees and costs incurred by both parties. To the extent MFG prevails on its claims and defenses, or otherwise establishes an entitlement to recover such amounts, MFG intends to seek recovery of all attorneys' fees, costs, and other relief available under applicable law, including those incurred in responding to what MFG contends are frivolous or legally unsupported claims asserted against it in bad faith.

Finally, because you appear to be taking a more active role in the matter, please confirm whether Leafwell is maintaining, modifying, or withdrawing any positions previously communicated by Ms. Fernandez, Mr. Lewis, Mr. Bergin, or other Leafwell counsel concerning the relevance, legal basis, factual basis, and applicability of the claims, defenses, allegations, and requested relief in both the federal and state actions. Unless Leafwell expressly identifies any position it is withdrawing, modifying, or clarifying, I will proceed on the understanding that Leafwell continues to adopt and maintain those prior positions, and MFG will move forward accordingly.

Please let me know if you have any questions concerning the information provided above that we can address before scheduling the conferral.

Also, please note that I do not schedule attorney conferrals or substantive litigation calls on the same day they are requested. I prepare for calls with opposing counsel, particularly where pending motions, discovery, case management, and related state-court issues are involved. Accordingly, absent exigent circumstances, any substantive conferral should be scheduled at least one business day in advance.

I look forward to receiving your response addressing each of the fifteen inquiries set forth above so that we can finalize the agenda and schedule a meaningful conferral.

Regards,

Jason Castro

Get Outlook for iOS

---

**From:** Walker, Brett <Brett.Walker@haynesboone.com>
**Sent:** Thursday, 25 June 2026 08:34:11
**To:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com <afelix@bilzin.com>
**Subject:** RE: Extension for Deadline to Respond

Good morning, Jason.

It sounds as though you are seeking some sort of general case conference.  I am not opposed to such an idea, but this is not the right time.  There are some more immediate matters that I suggest we cover first.

My proposal (and my call to you at 5:30 yesterday) relate to Meet & Confers for a few limited matters.  In particular, Leafwell is presently looking to discuss:  (1) the PHVs; (2) Jody's Motion

to Withdraw; (3) the extension for the 12(b)(1) and 12(b)(6) oppositions; (4) the Rule 16 conference.

As I understand it, you have already told Jody that MFG does not object to her Motion to Withdraw.  Thank you.  Also, per the email below, MFG is not objecting to a two-week extension for the 12(b)(1) and 12(b)(6) oppositions.  Thank you again.

So that addresses two of the four topics.

Then there is the issue of the Pro Hac Vices for Jeff Butler and Kevin Bergin.  You are familiar with Kevin.  He has been involved in these cases for a long time. I am hoping MFG has no objection to his continued involvement.  Jeff Butler is our new junior associate.

Finally, there is the Rule 16 Conference (and associated Case Management Report) for that Leafwell v. My Florida Green federal case.  I was thinking that you would want to continue it because of the Motions to Dismiss that you have pending.  My thought was that Leafwell would agree to such a proposal because that is a typical arrangement in a situation of this nature. Would My Florida Green prefer to go forward with everything on the existing schedule?  If so, we'll need to work together on that Case Management Report.

As to availability, I was hoping to talk yesterday, but I can speak this morning if you'd like.  I am available from 10:30 to noon today.  Does that work?

**HAYNES BOONE**

**Brett Walker** | Counsel
brett.walker@haynesboone.com | (t) +1 617.598.2422

**From:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Sent:** Wednesday, June 24, 2026 7:36 PM
**To:** Walker, Brett <Brett.Walker@haynesboone.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; afelix@bilzin.com
**Subject:** Re: Extension for Deadline to Respond

Brett,

Plaintiff does not object to Leafwell seeking a two-week extension, through July 17, 2026, to respond to the pending Rule 12(b)(1) and Rule 12(b)(6) motions.

With respect to the meet and confer, I want to ensure that it is productive and that we maximize judicial efficiency. There are multiple pending issues in both the federal and state actions, and I do not view the extension request as the only issue to be discussed.

I understand you may now be taking a more active role in the matter, and I am happy to confer with you directly. If you will be the attorney handling the conference for Leafwell, I ask only that you be prepared to address the full agenda and Leafwell's positions with sufficient authority so the discussion is productive.

Because the pending Rule 12(b)(1) motion challenges the Court's subject-matter jurisdiction, I believe that issue should be addressed first. As a threshold matter, jurisdiction necessarily precedes the remaining federal motions. After that, I propose addressing the remaining issues generally in the order in which they were raised or filed.

**Proposed Agenda**

1. The pending Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction.
2. The pending Rule 12(b)(6) Motion to Dismiss.
3. The pending Motion to Strike.
4. Any pending fee-shifting, attorney's fee, sanctions, anti-SLAPP, or related issues in either action.
5. Pending or anticipated issues in the parallel state action, including motions directed to the pleadings or claims.
6. Issues common to both actions, including preservation obligations, discovery coordination, sequencing of proceedings, protective-order issues, and whether discovery should proceed while jurisdictional issues remain pending.
7. Leafwell's requested extension and any remaining scheduling or case-management matters.

I also want to ensure that this conference is more productive than prior discussions. In my view, prior conferrals and communications with Ms. Fernandez and Mr. Lewis did not meaningfully narrow the issues or improve judicial efficiency because several positions remained unclear, were not addressed directly, or were deferred without meaningful resolution. My objective is to avoid repeating that process.

Accordingly, if you will be conducting the meet and confer on behalf of Leafwell, I ask that you be prepared to discuss each of the foregoing

agenda items with sufficient authority to state Leafwell's positions. A meaningful conferral should include a substantive discussion of whether any claims, allegations, defenses, requests for relief, or procedural positions can be withdrawn, narrowed, amended, deferred, stipulated to, or otherwise resolved without court intervention; whether any factual or legal disputes can be identified with specificity; whether any pending motions can be narrowed or avoided; and whether agreements can be reached regarding sequencing or case management that would reduce unnecessary litigation and judicial involvement.

In addition, I expect the parties to address whether any allegations presently contained in the pleadings that are personal in nature or otherwise appear unrelated to the legal claims or defenses should be voluntarily withdrawn. If Leafwell maintains that any such allegations are relevant, I ask that counsel explain the legal and factual basis for their inclusion during the conference so that issue can likewise be narrowed, if possible, before further motion practice.

I also expect any counsel appearing pro hac vice, or otherwise participating on behalf of Leafwell, to be familiar with and comply with all applicable Middle District of Florida Local Rules, the Federal Rules of Civil Procedure, the applicable Florida procedural rules where relevant, and all court-specific procedures concerning motion practice, coordination of hearings, conferral obligations, and meet-and-confer requirements. To the extent counsel intends to appear for or speak on behalf of Leafwell in either action, I expect counsel to be prepared to address those obligations and to conduct the conference accordingly.

I do not believe a proper meet and confer is satisfied merely because counsel has a conversation or checks a procedural box. Its purpose is to make a genuine, good-faith effort to narrow disputed issues, identify areas of agreement, eliminate unnecessary motion practice where appropriate, and ensure that only those matters genuinely requiring judicial intervention remain before the Court.

If you believe any additions or modifications to the proposed agenda would make the conference more productive, please let me know in advance so they can be incorporated. Otherwise, I suggest we reserve

approximately one hour and conduct the conference by Zoom or telephone to ensure there is sufficient time to address the issues in an organized and meaningful manner.

Please let me know your availability.

Respectfully,

Jason K. Castro, Esq.

This message was sent from an iPhone device.
_____

Law Offices of Jason K Castro. PLLC

THIS ELECTRONIC MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT AN INTENDED RECIPIENT, OR THE EMPLOYEE /AGENT RESPONSIBLE FOR DELIVERING THIS E-MAIL TO THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED.  IF YOU RECEIVED THIS E-MAIL MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER BY REPLYING TO THIS MESSAGE OR BY TELEPHONE AND DESTROY.  THANK YOU.

**P *Think Green! PLEASE print this email only if absolutely necessary***

On Jun 23, 2026, at 10:37 PM, Walker, Brett <Brett.Walker@haynesboone.com> wrote:

Jason,

     We are examining our calendars to deconflict filing deadlines and vacation plans.  We've come to realize that the time needed to respond to your 12(b)(1) and 12(b)(6) motions conflict with scheduled vacations related to Independence Day.  Accordingly, Leafwell is seeking a two-week extension to the deadline for its oppositions to those two motions.  Leafwell is proposing July 17, 2026 as a deadline given the summer vacation and Independence Day schedules.

     We would like to file our motion to extend the deadline on Friday.  Do you have an objection to that extension?

     If you want to add this topic to the stuff we'll discuss in our Meet & Confer, that works for me.

**Brett Walker** | Counsel

brett.walker@haynesboone.com | (t) +1 617.598.2422

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

 Outlook

**Re: Initial Thoughts on Case Management Report [IMAN-MIAMI.FID1775452]**

From  Jason Castro, Esq <Jason@goldengatelegalcenter.com>

Date  Mon 6/29/2026 1:25 PM

To  Adrian K. Felix <afelix@bilzin.com>; Lewis, Paul <Paul.Lewis@haynesboone.com>; Walker, Brett <Brett.Walker@haynesboone.com>

Cc  N. Grifoni <Nadine@goldengatelegalcenter.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; Butler, Jeffrey <Jeffrey.Butler@haynesboone.com>; Brandon Storm <Bstorm@bilzin.com>

Mr. Felix,

Thank you for your email.

Your views regarding the Local Rules and the parties' respective conferral obligations are noted. I disagree with your characterization of both the governing rules and my prior correspondence, and I do not intend to litigate those issues through an email exchange.

I do, however, note the unnecessarily personal tone of your email. Rather than addressing the substance of the issues I raised, you chose to characterize my correspondence as "disorganized," "unprofessional," and "counterproductive," and to lecture me regarding the Rules of Professional Conduct. I do not believe that type of communication advances the interests of your client or reflects the professionalism expected of counsel practicing before this Court.

At this point, I will continue communicating regarding this matter with Mr. Lewis, whom I understand to be serving as lead counsel for Leafwell. Unless and until I am advised that you have assumed the role of lead counsel, I do not intend to engage in parallel communications concerning routine case-management or conferral issues.

The only exception will be if circumstances require communications relating to a motion seeking an Order to Show Cause or other relief directed to Florida counsel or pro hac vice participation. In that event, I will communicate with you as appropriate.

Otherwise, I consider our respective positions adequately preserved for the Court and do not intend to engage in further email debate on these subjects.

Respectfully,

Jason K. Castro, Esq.


Get Outlook for iOS

**From:** Adrian K. Felix <afelix@bilzin.com>
**Sent:** Saturday, 27 June 2026 21:41:10
**To:** Lewis, Paul <Paul.Lewis@haynesboone.com>; Jason Castro, Esq <Jason@goldengatelegalcenter.com>; Walker, Brett <Brett.Walker@haynesboone.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; Butler,

Jeffrey <Jeffrey.Butler@haynesboone.com>; Brandon Storm <Bstorm@bilzin.com>
**Subject:** RE: Initial Thoughts on Case Management Report [IMAN-MIAMI.FID1775452]

Mr. Castro,

I am following up on your email and Paul's response below.

While Leafwell has made and will continue to make good faith efforts to resolve any disputes consistent with LR 3.01(g), nothing in the Local Rules or the FRCP requires parties to reach agreement on issues in dispute (or otherwise litigate their cases through the conferral process)—particularly not in advance and as a condition of a M&C. When no such agreement can be reached, the proper procedure is simply for each party to note their respective positions in the CMR or otherwise. So, to the extent that you disagree with anything that Leafwell included in the draft CMR that Brett shared with you, you are welcome to input your proposed language for consideration or separately note MFG's position.

Separately, I note that your long, disorganized email yesterday that baselessly threatened to seek sanctions "directed to each counsel's participation" in response to the draft CMR was unprofessional and counterproductive. As a Florida-barred attorney, you know or should know that the Rules of Professional Conduct prohibit such threats from being levelled lightly and/or without justification to obtain some advantage in a civil matter. Be mindful how you choose to proceed.

I will not engage in any email wars, and I have advised Paul and his team that there is no Florida or local rule that requires us to do so.

## Bilzin Sumberg

Adrian K. Felix
Partner
**Bilzin Sumberg Baena Price & Axelrod LLP**          Tel 305.350.7234
1450 Brickell Avenue, 23rd Floor                      Cell 919.225.8011
Miami, Florida 33131                                  Direct Fax 305.351.2195
www.bilzin.com                                        afelix@bilzin.com



[https://] Official Miami World Cup 2026 Host City Supporter

**From:** Lewis, Paul <Paul.Lewis@haynesboone.com>
**Sent:** Saturday, June 27, 2026 5:39 PM
**To:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>; Walker, Brett <Brett.Walker@haynesboone.com>
**Cc:** N. Grifoni <Nadine@goldengatelegalcenter.com>; Bergin, Kevin <Kevin.Bergin@haynesboone.com>; Adrian K. Felix <afelix@bilzin.com>; Butler, Jeffrey <Jeffrey.Butler@haynesboone.com>
**Subject:** RE: Initial Thoughts on Case Management Report

**CAUTION: This message is from an EXTERNAL sender. Do not click on links or open attachments from senders you do not trust or emails you are not expecting.**

Jason,

We are going to try this one more time.

Under MDFL Local Rule 3.02(a)(1), both "parties" have an obligation to "conduct" a "planning conference" in advance of submitting the form that Brett had drafted, in anticipation of the initial scheduling conference that is taking place next month; and, such "planning conference" must occur "by telephone" or "comparable means."

Brett has been trying to schedule this required conference with you for week. There have been several communications about it that I am aware of. But still, to date, you have not provided any times for it to take place with Brett.

Instead, as evidenced by your emails, you have made a number of unrelated prerequisite demands – seemingly as a condition of actually having this conference that both parties are required to have. You have no legal basis to make these demands as a precondition to the required conference. Leafwell is not going to let you engage in some sort of unauthorized discovery mission ("unanswered questions"), or anything else of the sort, as a threshold condition of doing this very basic required thing.

In this respect, your conduct is tantamount to a refusal to have this conference. The conference should not, and cannot, be conditioned on anything like this.

To be clear, that case management form (that Brett drafted for your review) contains about a dozen very basic questions. The only purpose of the MDFL Local Rule 3.02(a)(1) conference is to discuss the specific topics that are put forth by the questions. That is all. Nothing else is up for discussion in this MDFL Local Rule 3.02(a)(1) conference that both parties are obligated to participate in.

If you continue to refuse to engage in this unless some unrelated things occur, then we will simply report that to the Court and submit this form unilaterally.

With all of this in mind, on behalf of Leafwell, I want to ask one more time:

When are you free on Monday or Wednesday of next week – for the specific purpose of conferring with Brett about only the specific topics noted in the required form, with the ultimate goal of having the required form be a joint submission?

Please provide us with times to do that.

And once again, Leafwell's team will not be meeting any unrelated demands or conditions in order for this to happen, nor will the contemplated MDFL Local Rule 3.02(a)(1) conference include discussion of other topics (such as your "unanswered questions").

Best,
Paul

PS

Separately and independent from the parties' obligations in the active MDFL case, if you want to M&C on some motions that you are going to file in the separate Florida <u>state court</u> case, then please tell us what those motions are, what relief they seek, and what the general grounds for those motions will be under separate cover – as well as times that you might be available to speak with Brett about those motions. This has not yet occurred. But, yes – Leafwell certainly reserves the right to move under § 57.105 after reading them, insofar as Leafwell chooses to take the position that they lack a good faith basis in law/fact. Leafwell is aware of the 21-day safe harbor provision.

## HAYNES BOONE

**Paul Lewis** | Partner

[paul.lewis@haynesboone.com](mailto:paul.lewis@haynesboone.com) | (t) +1 617.598.2426 (m) +1 617.281.2019

---

**From:** Jason Castro, Esq <[Jason@goldengatelegalcenter.com](mailto:Jason@goldengatelegalcenter.com)>
**Sent:** Friday, June 26, 2026 11:18 PM
**To:** Walker, Brett <[Brett.Walker@haynesboone.com](mailto:Brett.Walker@haynesboone.com)>
**Cc:** N. Grifoni <[Nadine@goldengatelegalcenter.com](mailto:Nadine@goldengatelegalcenter.com)>; Lewis, Paul <[Paul.Lewis@haynesboone.com](mailto:Paul.Lewis@haynesboone.com)>; Bergin, Kevin <[Kevin.Bergin@haynesboone.com](mailto:Kevin.Bergin@haynesboone.com)>; [afelix@bilzin.com](mailto:afelix@bilzin.com)
**Subject:** Re: Initial Thoughts on Case Management Report

---

Dear Brett & Mr. Felix,

Thank you for forwarding the draft Uniform Case Management Report. I understand it is only a draft and that you are requesting MFG's input.

MFG cannot agree that any Rule 16 planning conference or meaningful conferral has occurred.

To be clear: a phone call or email exchange is not, by itself, a meaningful conferral. A meaningful conferral requires counsel to identify what is agreed, what is disputed, what can be narrowed, and what actually requires court involvement. ***<u>That has not happened.</u>*** Please correct this blatantly false representation.

And, to be clear, since you do not want to have a meaningful conferral, we're going to need a Judicial Case Management to address this. You should ask your Florida counsel how that goes, and why that is the appropriate next step.

Our position is this: MFG has acted in good faith by promptly stating it does not object to Ms. Fernandez's withdrawal, promptly stating it does not object to Leafwell's requested extension, identifying the pending motions and case-management issues that should be discussed, identifying specific questions concerning Leafwell's claims, damages theory, amount in controversy, discovery scope, ongoing conduct, and the relationship between the federal and state cases, and explaining that those questions were intended to narrow issues and avoid unnecessary motion practice. Leafwell has not reciprocated. Instead, Leafwell requested cooperation on its preferred procedural issues while refusing to answer MFG's substantive conferral questions. *Specifically, you stated that Leafwell does not intend to answer those questions "at this juncture," that Leafwell "will not play into" those inquiries, and that you view them as "unprofessional, improper and unproductive."* You also stated that "most" answers are in the Complaint and related pleadings, but you have not identified the specific paragraphs or filings that supposedly answer which inquiry.

*Bret, come on, that is not issue narrowing. That is avoidance. And you seem to be picking up where prior council has left off.*

Now, consistent with conferral requirements under Florida law, I must ask if Leafwell contends otherwise. F so, please identify the specific statement above that is incorrect and provide the correction. If Leafwell continues to decline to do so, MFG will proceed on the understanding that Leafwell does not meaningfully dispute this record.

Because of everything described above, MFG will not sign or submit any Case Management Report that states or implies that a Rule 16 planning conference occurred, that a meaningful conferral occurred, or that MFG agreed to positions it has not agreed to. MFG also cannot agree to any draft CMR that:

1. states or implies a planning conference occurred when it did not;

2. states or implies MFG consents to magistrate judge jurisdiction when it has not;

3. omits MFG's discovery needs concerning Leafwell's Florida operations, dispensary relationships, sponsorships, funding, parking-lot and pop-up events, brick-and-mortar locations, damages theory, amount in controversy, and ongoing conduct;

4. contains a one-sided description of the case;

5. fails to identify the pending motions and disputes affecting case management; or

6. fails to preserve MFG's position that judicial case-management guidance may be necessary.

I am also putting Leafwell's pro hac vice counsel, *including you,* on clear notice of MFG's concern. The issue is not routine admission or professional courtesy. The issue is whether counsel appearing in Florida courts will comply with the substance of the applicable rules governing conferral, hearing coordination, case management, and accuracy in representations to the Court.

Mr. Felix will eventually be required that explain to the court why Leafwell's pro hac vice counsel continue to request procedural cooperation from MFG while refusing to identify Leafwell's positions, refusing to narrow issues, or submitting filings or certifications that do not accurately reflect what occurred.

MFG will seek appropriate relief, including sanctions or other relief directed to each counsel's participation if warranted. MFG will also seek relief as appropriate concerning any Florida counsel who permits or enables filings, certifications, or representations that do not accurately reflect the record.

The purpose of this detailed notice is simple: MFG does not want later confusion about why it objects. Counsel cannot use pro hac

vice status to participate selectively in Florida litigation—seeking extensions, hearing dates, case-management positions, and procedural advantages—while avoiding the good-faith obligations that come with appearing before the Court.

Stated plainly, our concern is that the current approach appears to be a more cordial version of the same problem MFG has experienced with prior Leafwell counsel: pro hac vice counsel seeking the benefits of participation in Florida litigation while declining to engage in the substantive conferral required by the applicable rules. Professionally speaking, changing the tone of the refusal does not cure the problem. If counsel continues to avoid meaningful conferral while requesting procedural cooperation, MFG will address that conduct directly with the Court.

So to be clear, MFG remains willing to confer. But MFG will not participate in a hollow conferral that creates the appearance of compliance while Leafwell refuses to discuss its own claims, damages theory, discovery scope, or the actual issues defining the case.

I also want you to be aware that MFG understands what this approach of your team is designed to accomplish. It an attempt to keeps Leafwell's claims vague, avoid commitment on damages and causation, delays issue narrowing, and attempts to shift the parties into procedural case management without Leafwell first explaining the factual and legal basis for its own case. MFG will not participate in that process as though it satisfies the parties' good-faith conferral obligations. It does not!

The problem for Leafwell is that this strategy ultimately does not work. These issues are not going away. They are only being postponed. Whether through meaningful conferral, written discovery, depositions, motions to compel, Rule 16 proceedings, case-management conferences, or evidentiary hearings, Leafwell

will eventually be required to articulate what conduct it claims was actionable, how it calculates its alleged damages, what evidence supports those claims, and how it contends this case satisfies the jurisdictional and substantive requirements of Florida and federal law.

From MFG's perspective, the only question is whether those issues are addressed cooperatively now or after the parties and the Court incur substantial additional expense that could have been avoided. MFG has repeatedly attempted to choose the first option. Leafwell appears intent on choosing the second.

I would have thought by now you would realize why this strategy is counterproductive to your client. But in the event that you still have not realized it, let me spell it out. This strategy your team has been driving up cost with does not strengthen Leafwell's position. It merely delays the inevitable while increasing litigation costs, multiplying motion practice, and consuming judicial resources. So, to that end, MFG will not participate in creating the appearance of meaningful conferral when the very issues that define this litigation remain intentionally unaddressed by your team.

If continued judicial intervention becomes necessary to require meaningful conferral, clarify the scope of the claims, or ensure compliance with the applicable rules, MFG will seek that relief. I would prefer to litigate the merits. If, however, every procedural obligation must first be enforced through court intervention, then that is the course MFG is prepared to pursue.

As we say in the enlisted ranks, *it may simply be time to embrace the suck*.

Until we catch up on all the issues that you refuse to confer on, we're at an impasse and judicial intervention is necessary to satisfy due process requirements.

Finally, I want to address your reference to § 57.105. If Leafwell genuinely believes it has a basis to proceed under § 57.105, then it should comply with the statute by serving a proper motion and following the statutory safe-harbor procedure. What § 57.105 is not intended to be is a litigation tactic used to discourage an opposing party from filing a motion before that motion has even been drafted, served, or considered by the Court.

For the record of all involved with your inappropriate attempt to prevent me from moving forward on a motion/claim, what has transpired:

> I advised you that MFG intends to seek a temporary injunction based upon Leafwell's continuing conduct. Your ***immediate response*** was not to engage on the underlying facts or determine whether the issues could be narrowed through conferral, but instead to raise the prospect of § 57.105 sanctions. From MFG's perspective, that sequence speaks for itself.

My objective remains the same as it has been from the outset: meaningful conferral, issue narrowing where possible, and accurate representations to the Court. If Leafwell's litigation strategy instead is to avoid discussing/conferring the underlying facts/merits while threatening sanctions over anticipated filings, then MFG believes judicial guidance on the parties' respective conferral obligations and case-management responsibilities has become the necessary standard for this litigation.

Frankly, I was shocked and offended with the manner in which § 57.105 was raised. A statutory safe-harbor notice under § 57.105 is not a substitute for a required good-faith conferral, nor does merely referencing potential sanctions satisfy any obligation to narrow issues or discuss the merits of a contemplated motion. Here, after MFG advised that it intended to seek injunctive relief, Leafwell did not attempt to discuss the underlying facts, determine whether any issues

could be narrowed, or identify areas of agreement or disagreement. Instead, the response was an immediate reference to potential sanctions before the motion had even been drafted or served. That sequence does not advance the purpose of meaningful conferral.

If Leafwell genuinely believes a future filing will violate § 57.105, it remains free to utilize the statutory safe-harbor procedure in the manner contemplated by the statute. Until then, MFG intends to proceed under the Florida Rules of Civil Procedure and expects future conferrals to focus on narrowing issues rather than discouraging the filing of motions through premature sanctions discussions.

So where do we stand now?

Well… in addition to the Motion for Temporary Injunction, MFG intends to file motions seeking:

(1) a case-management conference and clarification of conferral obligations;

(2) court guidance on Rule 16 planning and whether a meaningful conference can occur while Leafwell refuses to identify its claims, damages theory, discovery scope, and ongoing conduct at issue;

(3) relief regarding any inaccurate or premature representation that a Rule 16 conference or meaningful conferral has occurred; and,

(4) appropriate relief concerning pro hac vice participation as the PHV attorneys for Leafwell continue to request procedural cooperation while refusing to comply with substantive conferral obligations.

Therefore, based on your written representations, MFG must now consider preparing the following filings:

1. Motion for Case Management Conference and Clarification of Conferral Obligations, asserting that Leafwell has failed to engage in substantive conferral and has instead relied on threats of sanctions.

2. Opposition or Objection to Pro Hac Vice Participation, or alternatively a request for conditions on such participation, based on repeated noncompliance with applicable Florida and local conferral requirements.

3. Motion for Protective Order or for Court Guidance, to the extent that any threat under section 57.105 was used to attempt to deter the filing of the intended motion for temporary injunction.

MFG will evaluate these options and proceed with appropriate filings following further review of the parties' recent correspondence.

Last but not least, I must also note that Mr. Felix has now been included on this correspondence. I welcome the participation of Florida counsel and hope his involvement will facilitate the meaningful substantive conferral contemplated by the Florida Rules of Civil Procedure and applicable local practice. As Florida counsel of record, Mr. Felix is presumably familiar with those obligations and can assist in ensuring that all counsel participating on Leafwell's behalf comply with them in substance, not merely form.

Accordingly, unless I am advised otherwise, I will direct future Florida procedural and conferral communications to Mr. Felix as Florida counsel of record. To the extent the current approach continues—namely, requesting procedural cooperation while refusing to engage in meaningful conferral on the merits, certifying conferrals that have not substantively occurred, or otherwise failing to comply with Florida procedural requirements—I will seek appropriate relief from the Court directed to all counsel responsible for those representations, including Florida counsel where appropriate. At that point, your Florida counsel can explain to the Court why Leafwell elected to proceed with procedural requests while simultaneously refusing to participate in the substantive issue-narrowing and good-faith conferral required by the Florida Rules of Civil Procedure.

Please conduct yourselves accordingly.

Respectfully,

Jason K. Castro, Esq.

This message was sent from an iPhone device.
_____

Law Offices of Jason K Castro. PLLC


THIS ELECTRONIC MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT AN INTENDED RECIPIENT, OR THE EMPLOYEE /AGENT RESPONSIBLE FOR DELIVERING THIS E-MAIL TO THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED.  IF YOU RECEIVED THIS E-MAIL MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER BY REPLYING TO THIS MESSAGE OR BY TELEPHONE AND DESTROY.  THANK YOU.


**P *Think Green! PLEASE print this email only if absolutely necessary***


> On Jun 26, 2026, at 6:46 PM, Walker, Brett <Brett.Walker@haynesboone.com> wrote:
>
>
> Jason,
>
>     This is my initial thought on our Case Management Report.  I'll sleep on it and might have some further thoughts on it tomorrow.  I also, of course, need your input. This is only a draft and subject to modification by either side.
>
>
>
> **Brett Walker** | Counsel
> brett.walker@haynesboone.com | (t) +1 617.598.2422
>
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
> <Leafwell v MFG uniform-case-management-report (2026) (v.1).docx>

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended

recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

**CAUTION:** Please be aware of the increase in cybercrime and fraud. Bilzin Sumberg personnel will not ordinarily provide wire transfer or other payment instructions by email relating to the payment of Bilzin Sumberg invoices or advance fee deposits. Although payment instructions may be provided by email in connection with client matters such as closings, please contact us to obtain verbal verification prior to initiating any payments.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail or reply to info@bilzin.com, and delete the message.

The Firm is not responsible for government filings that may be required under the Corporate Transparency Act ("CTA"). Unless we have expressly agreed in writing to provide legal advice concerning the CTA, our engagement does not include any such advice.