**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LEAFWELL, INC.,
a Delaware corporation,

     Plaintiff,

                           Case No. 2:25-cv-01132-JES-KRH

v.

THE DOC APP, INC. d/b/a
MY FLORIDA GREEN,
a Florida corporation,

     Defendant.

_____/

**ORDER**

This matter comes before the Court on Defendant The Doc App, Inc. d/b/a My Florida Green's Motion for Preliminary Pretrial Conference, Protective Order, Conferral Protocol, and Leave to File Separate Case Management Statement. Upon consideration of the motion, the record, and applicable law, it is ORDERED:

1.    Defendant The Doc App, Inc. d/b/a My Florida Green's Motion is GRANTED to the extent set forth below.

2.    Plaintiff Leafwell, Inc.'s Unilateral Case Management Report filed at Doc. 63 is not deemed an agreed Case Management Report, does not bind Defendant MFG, and does not waive Defendant MFG's defenses, objections, privileges, work-product protections, discovery objections, jurisdictional positions, service objections, venue positions, due-process objections, confidentiality objections, proportionality objections, or right to submit a separate case-management statement.

3.    Defendant MFG is granted leave to file a separate case-management statement. The separate statement must be filed within _____ days after Plaintiff Leafwell serves the case-management positions required by this Order, unless otherwise ordered by the Court.

4.    Before Defendant MFG's separate case-management statement is due, Plaintiff Leafwell must identify its position on the following case-management subjects:

        a.    the claims and defenses actually at issue in this action;

        b.    the damages and causation theories that Leafwell contends are relevant to discovery scope, proportionality, expert discovery, mediation timing, and dispositive-motion scheduling;

     c.    whether Leafwell seeks discovery into attorney-client communications, general-counsel communications, litigation communications, work product, AI-related litigation communications, or other potentially privileged materials, and if so, the privilege, work-product, clawback, and Federal Rule of Evidence 502(d) protocol Leafwell proposes;

     d.    proposed ESI custodians, date ranges, platforms, search terms or search methodology, metadata fields, production format, and preservation issues;

     e.    whether discovery should be phased or sequenced, including whether threshold issues, privilege issues, ESI issues, protective-order issues, proportionality issues, or related-proceeding boundaries should be addressed before broad merits discovery proceeds;

     f.    whether a protective order is required before the production of confidential business information, financial records, physician communications, patient-adjacent information, CRM or customer data, marketing analytics, platform data, internal business strategy, or other sensitive materials;

     g.    the effect, if any, of related proceedings, including the Court's prior order denying consolidation, on discovery scope, sequencing, issue narrowing, and the Case Management Report; and

     h.    the attorney authorized to state Leafwell's case-management position on Rule 16, Rule 26(f), Local Rule 3.02, CMR language, ESI, privilege, protective-order terms, discovery sequencing, and related-proceeding boundaries.

5.    The parties must meet and confer in good faith after Leafwell serves the positions required by Paragraph 4. The conference must address, at minimum, the following subjects:

     a.    what issues are agreed;

     b.    what issues are disputed;

     c.    what issues have not been meaningfully conferred upon;

     d.    what issues require Court guidance;

     e.    what discovery may proceed without a protective order;

     f.    what discovery should await entry of a protective order, ESI protocol, or Rule 502(d) order;

     g.    whether phased discovery is appropriate; and

     h.    whether separate or competing case-management statements are necessary.

6.    The parties must not characterize any disputed case-management position as agreed unless the opposing party expressly agrees to that position in writing or on the record.

7.    Participation in the Case Management Report process, Rule 26(f) conference, Local Rule 3.02 conference, or any related conferral does not waive any party's objections, defenses, privileges, work-product protections, confidentiality objections, relevance objections, proportionality objections, jurisdictional objections, service objections, venue objections, due-process objections, or objections concerning the scope of discovery.

8.    Before any party seeks discovery into attorney-client communications, general-counsel communications, litigation communications, work product, AI-related litigation

communications, or other potentially privileged materials, the parties must first confer regarding a privilege protocol, clawback procedure, and proposed Rule 502(d) order. If the parties cannot agree, they must promptly submit their competing positions to the Court.

9.    Before any party seeks production of confidential business information, financial records, physician communications, patient-adjacent information, CRM or customer data, marketing analytics, platform data, internal business strategy, or other sensitive materials, the parties must confer regarding an appropriate protective order. If the parties cannot agree, they must promptly submit their competing positions to the Court.

10.    The Court will conduct a preliminary pretrial conference on _____, 2026, at _____ __.m., or on such other date and time as the Court may set by separate notice.

11.    At the preliminary pretrial conference, the parties must be prepared to address:

    a.    the status and effect of Leafwell's unilateral CMR filed at Doc. 63;

    b.    whether Defendant MFG should file a separate case-management statement;

    c.    disputed CMR language;

    d.    discovery scope and sequencing;

    e.    ESI issues;

    f.    privilege, work-product, clawback, and Rule 502(d) issues;

    g.    protective-order issues;

    h.    related-proceeding boundaries, including the effect of the order denying consolidation;

    i.    pending and anticipated motions affecting case management;

    j.    whether discovery should be phased; and

    k.    any other matter necessary to secure the just, speedy, and inexpensive determination of this action.

12.    To the extent not expressly granted above, the Motion is otherwise DENIED WITHOUT PREJUDICE.

DONE and ORDERED in Fort Myers, Florida, this _____ day of _____, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
Counsel of Record