**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

Leafwell, Inc.,

     Plaintiff,

v.

                           Case No. 2:25-CV-01132-JES-KRH

The Doc App, Inc. d/b/a My Florida
Green,

     Defendant.

---

**PLAINTIFF LEAFWELL, INC.'S MOTION TO CONTINUE**
**THE JULY 28, 2026 RULE 16(b) CONFERENCE**

Plaintiff Leafwell, Inc. ("Leafwell"), by and through undersigned counsel, and

pursuant to Fed. R. Civ. P. 6(b), hereby submit this Motion to Continue the July 28,

2026 Rule 16(b) Conference, as well as all deadlines, triggering events, and discovery

obligations stemming therefrom or relating thereto – under the applicable Local Rules,

Rules of Civil Procedure, or otherwise. Specifically, Leafwell respectfully requests that

this Court reschedule the conference, currently noticed for July 28, 2026, to a date

approximately sixty days after this Court rules on the pending Fed. R. Civ. P. 12

motions filed by the Defendant, The Doc App, Inc. d/b/a My Florida Green

("MFG"), or alternatively to on or about November 2, 2026. And although MFG's

Unilateral Case Management Report (D.E. 69) states that it "declined to continue the

conference" (id. at 2), the substance of MFG's position indicates that it is essentially

seeking similar relief. See id. at 3 (arguing pending motion "may materially narrow or

1

dispose of claims"); id. at 6 (stating "[b]roader merits and expert discovery can continue after Court resolves the threshold [Rule 12] motions," in event of phased discovery). As further grounds therefor, and in support thereof, Leafwell states as follows:

1.      The litigation history between Leafwell and MFG spans three cases across federal and state courts in Florida. As it pertains to the Instant Action, Leafwell filed this matter December 5, 2025, and amended its complaint once as of right on January 26, 2026. See D.E. 22; see also Fed. R. Civ. P. 15(a).

2.      In mid-February 2026, MFG filed a series of Fed. R. Civ. P. 12 motions regarding Leafwell's then-operative complaint, which the Court decided by Opinion and Order dated April 24, 2026. D.E. 44 (Opinion and Order); D.E. 26 (MFG's Rule 12(b)(6) Motion to Dismiss); D.E. 27 (MFG's Rule 12(b)(1) Motion to Dismiss); D.E. 30 (MFG's Rule 12(f) Motion to Strike).

3.      Briefly, and among other things, the Court's April 24, 2026 Opinion and Order dismissed Leafwell's Abuse of Process claim against MFG; but granted Leafwell leave to amend this claim within twenty days. D.E. 44 at 24. As a result on, May 13, 2026, Leafwell filed its Second Amended Complaint per the Court's Opinion and Order – amending its allegations insofar as they concerned Leafwell's Abuse of Process claim. See D.E. 46.

4.      Following this, on June 12, 2026, MFG filed a second set of Fed. R. Civ. P. 12 motions: (i) a Motion to Dismiss Plaintiff's Second Amended Complaint in its Entirety and/or Strike Improper Matter and Incorporated Memorandum of Law (D.E.

2

52); and (ii) a Separate Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction (D.E. 54) (collectively, the "Second Rule 12 Motions").[1]

5.      On July 17, 2026, Leafwell filed its respective oppositions to MFG's Second Rule 12 Motions. (D.E. 67; D.E. 68). Thus, the Parties have completed briefing and are currently awaiting the Court's decision.

6.      In the midst of this, Leafwell attempted to confer with MFG with respect to this matter's Rule 16(b) conference, which the Court originally scheduled for July 8, 2026. As detailed in Leafwell's Unilateral Case Management Report (D.E. 63 at 1-3), Leafwell was unable to successfully do so with MFG's counsel in the weeks leading up to the conference which resulted in the filing of said unilateral report. See id.

7.      On July 6, 2026, MFG filed a Motion for Preliminary Pretrial Conference, Protective Order, Conferral Protocol, Clarification of Leafwell's Unilateral CMR, and Leave to File Separate Case-Management Statement (D.E. 64). The following day, on July 7, 2026, the Court granted in part and denied in part MFG's motion, which: rescheduled the Rule 16(b) conference to its current date of July 28, 2026, and allowed MFG to file a unilateral case management report seven days before that hearing. See D.E. 66.

---

[1] Concurrent with these filings, MFG also filed a Motion to Determine Entitlement To Attorney's Fees and Costs Under Florida's Anti-SLAPP Statute and the Court's Inherent Authority (D.E. 53), which Leafwell opposed on June 26, 2026. (D.E. 62).

3

8.   MFG filed its Unilateral Case Management Report on July 17, 2026. D.E. 69. Evidently, MFG does not appear (in substance) to entirely oppose the relief requested by this Motion.  For example, MFG's Unilateral Case Management Report takes the position that MFG's pending Motion for Attorney's Fees (see fn. 1, supra) "may materially narrow or dispose of claims and should be resolved promptly." Id. at 3. MFG further suggests that if discovery phasing is appropriate, "[b]roader merits and expert discovery can continue after the Court resolves the threshold motions." Id. at 6.[2] So, although MFG apparently objects to the notion of continuing the Rule 16(b) conference, see id. at 2 ("MFG declined to continue the conference"), it nonetheless appears to appreciate the impact of its Second Rule 12 Motions.

9.   Based on the current posture of the case, Leafwell respectfully requests that the current July 28, 2026 Rule 16(b) conference be continued to a date approximately sixty days after the Court's ruling on MFG's pending Second Rule 12 Motions, as well as all deadlines, triggering events, and discovery obligations stemming therefrom or relating thereto. MFG's pending motions seek dismissal of this entire matter and therefore stand to define the scope of this action moving forward (following the Court's decision on said motions). Moreover, the Court's decision is likely to determine what live issues remain for purposes of discovery, and whether discovery as to some claims and/or contentions is obviated altogether. Because of this,

---

[2] That said, MFG takes the position that Leafwell's oppositions to MFG's Second Rule 12 Motions somehow "confirms that focused discovery is appropriate and discovery-ready." D.E. 69 at 3. MFG also posits that to the extent phased discovery is necessary, "Phase One should begin immediately and include discovery necessary to resolve the pending jurisdictional and anti-SLAPP issues." Id. at 6.

Leafwell respectfully submits that a Rule 16(b) conference will be more productive after the Court issues a decision on the Second Rule 12 Motions, and accordingly conserve resources for both the parties and the Court in the interim.

10.     To that later point, Leafwell has already expended significant resources in the first dispute between MFG and Leafwell – including contending with, and responding to, MFG's filings that resulted in its attorney being severely sanctioned. See Doc App, Inc. v. Leafwell, Inc., No. 2:25-cv-838-SPC-NPM, 2025 LX 597488, at *13-*16 (M.D. Fla. Nov. 26, 2025) (imposition of sanctions); see also The Doc App, Inc. d/b/a/ My Florida Green v. Leafwell, No. 2:25-cv-838-SPC-NPM (M.D. Fla.), D.E. 45 (Leafwell's ensuing Motion for Attorneys' Fees for $215,401.60). Leafwell is also involved in ongoing related litigation with MFG in Florida state court. See generally The Doc App, Inc. d/b/a/ My Florida Green v. Leafwell, Case No. 11-2025-CA-002981-0001-01 (Twentieth Jud. Cir. Collier County). It therefore makes abundant sense that moving the Rule 16(b) conference and all related obligations until after this Court's rules on dispositive motion(s) would conserve the Parties' (*i.e.* Leafwell's) limited resources for their mutual benefit.

11.     Leafwell submits that good cause exists to grant this Motion as it is made in good faith and will not prejudice any party in light of the pending (potentially dispositive) Second Rule 12 Motions.

**WHEREFORE**, Leafwell respectfully requests that this Court continue the current July 28, 2026 Rule 16(b) conference to approximately sixty days after this Court renders its decision on MFG's Second Rule 12 Motions, or alternatively on or

5

about November 2, 2026, as well as continue all deadlines, triggering events, and discovery obligations stemming therefrom or relating thereto – under the applicable Local Rules, Rules of Civil Procedure, or otherwise.

DATED: July 20, 2026

**HAYNES AND BOONE, LLP**

/s/ *Paul Lewis*
Paul B. Lewis, Esq.
Kevin M. Bergin, Esq.
Admitted *pro hac vice*
paul.lewis@haynesboone.com
kevin.bergin@haynesboone.com
Haynes and Boone, LLP
One Financial Center
Suite 2400
Boston, Massachusetts 02111
Telephone: (617) 281-2019

*and*

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, 23rd Flr.
Miami, Florida 33131
Telephone: (305) 350-7234
Facsimile: (305) 351-2195

Adrian K. Felix, Esq.
Florida Bar No. 30846
afelix@bilzin.com
ekravets@bilzin.com
eservice@bilzin.com

*Counsel for Plaintiff Leafwell, Inc.*

6

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on July 13, 2026, I emailed MFG's counsel of record concerning the instant request to continue the Rule 16 conference and the relief requested herein. I again emailed MFG's counsel on July 15, 2026 about the instant Motion; and on July 16, 2026, MFG's counsel relayed that "[b]ased on [his] review of the case to date, [ ] it is unlikely that MFG will agree to continue the Rule 16 conference." Additionally, on July 17, 2026, MFG filed its Unilateral Case Management Report, which relayed that on July 16, 2026, "MFG declined to continue the conference[.]"

*/s/ Kevin M. Bergin*
Kevin M. Bergin, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all other counsel of record, on July 20, 2026, via the ECF portal.

*/s/ Paul Lewis*
Paul B. Lewis, Esq.

7