UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEAFWELL, INC., a Delaware Corporation,

Plaintiff,

v. Case No. 2:25-cv-1132-KCD-KRH

THE DOC APP, INC. d/b/a My Florida Green, a Florida corporation,

Defendant.

---

**ORDER**

This case is the latest chapter in a bitter turf war between two medical marijuana certification companies. Plaintiff Leafwell, Inc. and Defendant The Doc App, Inc. ("MFG") are direct competitors. Unhappy with Leafwell's footprint in the Florida market, MFG launched a concerted campaign to push its rival out. That campaign included a state-court lawsuit, which Leafwell removed to this Court. But MFG's litigation strategy unraveled in spectacular fashion. After relying on artificial intelligence to hallucinate nonexistent case law in its filings, MFG's counsel faced a sanctions order. To avoid further consequences, MFG voluntarily dismissed the suit. *See DOC App, Inc. v. Leafwell, Inc.*, No. 2:25-CV-838-SPC-NPM, 2025 WL 3288251, at *1 (M.D. Fla. Nov. 26, 2025).

But the conflict did not end there. According to Leafwell, MFG took its fight outside the courtroom. MFG allegedly sent demand letters to Leafwell's dispensary partners, attaching copies of the now-dismissed complaint to scare those partners into cutting ties with Leafwell. (Doc. 46 ¶ 71.) MFG's CEO even showed up at a Leafwell event with a Doberman in tow, creating a scene and loudly announcing he was serving a cease-and-desist letter. (*Id.* ¶ ¶ 85-86.) As a result, Leafwell claims it lost most of its Florida business partners. This lawsuit followed. (Doc. 1.)

MFG now moves the Court to dismiss Leafwell's latest complaint for lack of subject-matter jurisdiction, arguing the alleged damages fall short of the $75,000 threshold. (Doc. 46.) MFG also demands attorney's fees under Florida's Anti-SLAPP statute, insisting that Leafwell is unlawfully targeting MFG's protected speech and petitioning activity. (Doc. 53.)

As explained below, Leafwell has plausibly alleged damages well over the jurisdictional threshold, and the Anti-SLAPP statute does not yet apply. Accordingly, both motions fail.

## I. Legal Standards

Parties may contest a court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). These challenges come in two varieties: facial and factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack, like brought here, simply looks at the complaint and asks whether the "plaintiff

has sufficiently alleged a basis for subject matter jurisdiction." *Id*. at 1529. When considering a facial attack, the court takes the complaint as true. *See Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997).

Because Leafwell grounds its suit in diversity jurisdiction, it must clear two hurdles under 28 U.S.C. § 1332(a): complete diversity of citizenship and an amount in controversy exceeding $75,000. When a defendant challenges the amount in controversy, the sum claimed by the plaintiff controls—so long as it is "made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). To dismiss the case, it must appear to a "legal certainty" that the claim is really for less than the jurisdictional amount. *Id.* at 289. In making this determination, judges need not suspend reality or check their common sense at the door. Rather, they may rely on their judicial experience to deduce whether the claim plausibly clears the threshold. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065-66 (11th Cir. 2010).

Turning to MFG's motion for attorney's fees, it relies on two distinct sources of authority. The first is Florida's Anti-SLAPP statute. *See* Fla. Stat. § 768.295. This law protects individuals from meritless lawsuits filed "primarily because" they exercised their constitutional right of free speech in connection with a public issue, or their right to petition the government. *Id.* § 768.295(3). Second, MFG points to this Court's inherent authority to sanction bad-faith

litigation conduct. "[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

**II. Discussion**

This case has had several complaints. Yet MFG is challenging the amount in controversy for the very first time. (*See* Doc. 44 at 3 ("My Florida Green does not challenge the jurisdictional amount.").) But no matter. The Court has "an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties" and "because subject-matter jurisdiction underlies a court's power to hear a case," it "can never be forfeited or waived." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020).

The math here is not particularly complicated. To stay in federal court, the amount in controversy must exceed $75,000. Even if we put on blinders and look solely at Leafwell's abuse of process claim (Count I in latest complaint), the company easily clears the threshold.

Leafwell is seeking to recover the attorney's fees it incurred defending against MFG's various lawsuits, including the one dismissed from this Court. Ordinarily, attorney's fees do not count toward the jurisdictional minimum. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1305 (11th Cir. 2001). But when it comes to an abuse of process claim, the fees incurred to defend against the

sham lawsuit are a core element of the plaintiff's compensatory damages. *See Svistina v. Elbadramany*, No. 22-cv-20525, 2023 WL 34642, at *7 (S.D. Fla. Jan. 4, 2023). "[A] reasonable estimate of attorney's fees may be included in the amount in controversy where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation." *Smith*, 236 F.3d at 1305.

And the fees here are substantial. According to the declaration of Zach Levin, Leafwell's in-house counsel, the company has been invoiced $249,251.27 to defend against MFG's prior action. (Doc. 68-1.) That figure alone eclipses the $75,000 baseline—and that is before we even consider the lost revenue, lost goodwill, and other tort damages Leafwell seeks in the rest of its complaint.

Because Leafwell has plausibly alleged an amount in controversy well above the required threshold, the complaint will not be dismissed for lack of jurisdiction. MFG's fallback request—asking the Court to force Leafwell to file a detailed "jurisdictional statement" accounting for its damages—is likewise denied. (Doc. 54 at 12.) At the pleading stage, a plaintiff is not required to prove its damages with mathematical certainty. Plausibly alleging the requisite amount is enough.

That leaves MFG's motion for attorney's fees. The company points out that it has moved to dismiss the complaint in its entirety, declaring that "[i]f the Court grants those motions, MFG will be the prevailing party" and thus

entitled to fees. (Doc. 52 at 2.) This request is entirely premature. To recover fees as a prevailing party, a litigant must first actually prevail. That requires securing a judicially sanctioned, material alteration of the legal relationship between the parties—such as a judgment on the merits. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001). MFG has secured no such relief here. Asking for fees based on a motion that has not yet been decided puts the cart miles ahead of the horse and is a complete waste of time.

## III. Conclusion

The Court finds that Leafwell has asserted an amount in controversy that exceeds the jurisdictional minimum, and so subject-matter jurisdiction exists. The Court further finds that any request for attorney's fees and costs is premature. Accordingly, Defendant's Separate Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 54) is **DENIED** and Defendant's Motion to Determine Entitlement to Attorney's Fees and Costs Under Florida's Anti-SLAPP Statute and the Court's Inherent Authority (Doc. 53) is **DENIED** without prejudice.

**ORDERED** in Fort Myers, Florida on August 27, 2026.

Kyle C. Dudek
United States District Judge